Joseph Jiudice, J.
This is a petition by the above-named defendant to dismiss the indictment on the ground the defendant’s rights under the Uniform Detainers Agreement (CPL art. 580) have been violated.
The petitioner is an inmate at the Federal Correctional Institution at Danbury, Connecticut. He had been arrested in June, 1970, was indicted in December, 1971, by the Dutchess County Grand Jury. In August of 1972 while the petitioner was confined at the Federal Correctional Institution, this court dismissed the first indictment with leave to submit the matter to another Grand Jury. The defendant was again indicted on November 10, 1972 for the same charges and during December, 1972, the petitioner was brought to this court for the purpose of arraignment. He was thereafter returned to the Federal authorities in Danbury. The defendant’s contention is that he should have been tried at the time he was brought to Dutchess County Court in December, 1972, and that the failure to try the indictment is grounds for dismissal under CPL 580.20 (art. IV, subd. [e]).
The court has read the entire record in this matter and determines the defendant was brought here in December of 1972 to be arraigned on the second indictment. At the time, through his attorney, the matter was adjourned for the purpose of allowing the defendant to make certain motions to the indictment. Motions were made in December, 1972, on behalf of this defendant. Therefore, at the time, he was not ready for trial as he now claims.
This court believes the implication of CPL 580.20 (art. IV, subd. [e]) is that an indictment can be dismissed if trial is not had only in a case where a defendant himself is also ready for trial. The court believes this section implies that all motions on behalf of the defendant must have been concluded and the defendant himself is prepared for trial and is brought into a State court for this purpose.
This court could have retained him here and given him a trial in December of 1972 had he not brought on several motions to the indictment. This defendant cannot take advantage of his own actions so as to rely upon the strict construction of the above-referred to section. The defendant is urging an impractical and unduly harsh interpretation of the statute and his literal interpretation would limit the appearance of defendants in State courts for the purpose of pretrial motions and procedures.
Accordingly, the defendant’s petition is dismissed.