■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARVEY BROWN, Appellant, v WARDEN, GREEN HAVEN CORRECTIONAL FACILITY et al., Respondents.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated June 26, 1975, which, *inter alia,* dismissed the writ. Judgment affirmed, without costs. Special Term properly directed an immediate parole revocation hearing. All other issues raised by petitioner must await the determination, after the hearing. Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY FRANCIOTTI, Appellant, v WALTER J. FLOOD, as Warden of the Nassau County Jail, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered May 19, 1975, which dismissed the writ. Judgment affirmed, without costs. Petitioner, under indictment and arrest in the State of New York (in Queens County), was removed to North Carolina in November, 1974, pursuant to CPL 580.20 (agreement on detainers, art IV), for arraignment on a Federal indictment there. Prior to a trial in North Carolina, which trial petitioner claims he requested immediately, he was returned for a short time to New York. In December, 1974, when he was again taken to North Carolina, the Federal indictment was dismissed on his motion. There is nothing unusual or improper about the procedure of twice sending petitioner to North Carolina on the authority of the interstate agreement on detainers (CPL 580.20). Further, the proper forum for any challenge petitioner might have had to the procedure was the Federal District Court in North Carolina and not the New York State courts. While there might be authority in CPL 580.20 for dismissal of the Federal indictment on the facts here presented (cf. *People v Bernstein,* 74 Misc 2d 714), a question the North Carolina Federal District Court would have to decide, there is no authority in the statute for dismissal of any pending New York charges or convictions. Since the Federal District Court has already dismissed the Federal indictment, albeit on other grounds, there would seem to be no basis for any application. Hopkins, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.