THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAUNZY ZEA SIMS, Defendant-Appellant.

Fourth District   No. 13561

Opinion filed November 10, 1976.—Rehearing denied December 28, 1976.

Richard J. Wilson and Richard E. Cunningham, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Launzy Zea Sims was convicted by a jury in the circuit court of McLean County for the offense of armed robbery and sentenced to 10 to 30 years' imprisonment to run consecutively to a 10-year term of imprisonment which he was serving in the Federal penitentiary for an offense described in the report of presentence investigation as "unarmed bank robbery." Upon appeal he is represented by the State Appellate Defender who cites as error only that the consecutive sentence was improper.

Defendant has filed a motion for leave to file a pro se supplemental brief. The motion was taken with the case. A proposed pro se supplemental brief was filed with the motion and contends that defendant was denied his statutory and constitutional rights to a speedy trial and was denied due process of law by the use of identification testimony tainted by the use of an unduly suggestive lineup procedure. We have examined his contentions and supporting authority in the light of the record in the case and conclude that defendant's pro se claims of error are without merit. The State Appellate Defender correctly appraised the issues in the case. We deny defendant's motion for leave to file a pro se supplemental brief.

The court's imposition of an indeterminate sentence of 10 to 30 years'

imprisonment to run consecutively to a Federal determinate sentence of 10 years creates more serious problems. Section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a)) authorized the court to impose a consecutive sentence upon a defendant who was already subject to an undischarged sentence of a Federal court. At the time of the commission of the armed robbery and the initiation of the prosecution in this case, section 5—8—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—4(c)) provided that when a consecutive sentence is imposed, "[t]he aggregate minimum period of consecutive sentences shall not exceed twice the lowest minimum term authorized under Section 5—8—1 for the most serious felony involved." That section was amended effective July 1, 1974, prior to the imposition of the sentence here, but the prior provision is more favorable to the defendant and thus controls. *People v. Carpenter* (1976), 38 Ill. App. 3d 435, 347 N.E.2d 781.

The possible punishment for the Federal offense was a determinate sentence of not more than 20 years (18 U.S.C. §2113). Armed robbery, on the other hand, is a Class 1 felony (Ill. Rev. Stat. 1973, ch. 38, par. 18—2) with a minimum term of not less than 4 years and without other limitation as to minimum or maximum term (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(2)) and consequently is the "most serious felony involved." Interpreting the statute literally, the aggregate minimum penalties of the consecutive sentences could not exceed twice the 4-year lowest minimum term of the armed robbery sentence or a total of 8 years. Even though the Federal sentence had no minimum term, the minimum term of the armed robbery would be sufficient to make the consecutive sentence improper.

The State does not dispute that the foregoing analysis is correct if section 5—8—4(c) is applicable to a sentence imposed consecutively to a Federal determinate sentence. Rather, it contends that paragraph (c) was not intended to be applicable to such a sentence. Paragraph (c) purports to limit the aggregate minimum and maximum terms of consecutive sentences but these aggregates cannot be determined when one of the sentences is determinate and has no maximum nor minimum terms. Had the Federal offense been the more serious crime, application would have been impossible because the "lowest minimum term" for that offense could not have been determined and, in any event, that term would not have been "authorized under Section 5—8—1."

Nevertheless, the tenor of section 5—8—4 is to limit the application and severity of consecutive sentences. We know of no reason why the legislature, when authorizing a sentence that runs consecutively to a Federal determinate sentence, would have intended to permit that sentence to operate more severely against the convict than a sentence imposed consecutively to an indeterminate sentence. We conclude that

literal intererpretation should be given to paragraph (c) and rule that the court here could not properly have ordered a sentence with a minimum term of over 8 years to run consecutively to the Federal sentence.

It is appropriate that we mention that at the time sentence was imposed here, it was widely believed that paragraph (c) had been amended effective prior to the commission of the instant offense to permit an aggregate minimum term that does not "exceed the highest minimum term authorized under Section 5—8—1 for the 2 most serious felonies involved." Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(c).

The judgment of conviction and the imposition of a sentence of 10 to 30 years' imprisonment are affirmed. The portion of the sentence providing that it be served consecutively to an existing sentence is reversed and the cause remanded for the issuance of an amended mittimus ordering the sentence to be served concurrently with the Federal sentence.

Affirmed in part, reversed in part and remanded with directions.

CRAVEN, P. J., and REARDON, J., concur.