THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD LEE DYE, Defendant-Appellant.

Fourth District   No. 13419

Opinion filed February 3, 1977.

James Geis and Richard J. Geddes, both of State Appellate Defender's Office, of Chicago, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant was found guilty by a jury of the offense of forgery. A sentence of imprisonment of not less than 2 nor more than 8 years was imposed, the sentence to run consecutively with a previously imposed Federal sentence of 5 years' imprisonment. Defendant appeals both the failure of the trial court to dismiss the indictment against him and the sentence imposed.

A bench warrant for defendant's arrest was issued on February 15, 1974, because he failed to appear at his arraignment set for that date. Defendant's nonappearance was due to his incarceration in a Federal penitentiary in Georgia for violation of the Dyer Act (18 U.S.C. 2312). On September 18, 1974, defendant made a demand for speedy trial under the Uniform Agreement on Detainers (Ill. Rev. Stat. 1973, ch. 38, par. 1003—8—9) and on January 2, 1975, notified the court that he had been transferred to the Federal penitentiary at Terre Haute, Indiana. Defendant was finally arraigned on March 3, 1975, after having been brought into Illinois on a writ of *habeas corpus ad prosequendum.*

Two indictments were lodged against the defendant in Illinois. When defendant's cases were called to trial on March 17, 1975, the State's

Attorney moved to nolle prosse one indictment and indicated his readiness to proceed on the other. Counsel for defendant stated he was not prepared for trial on the second indictment and requested a continuance. After admonishing the defendant that a continuance would operate to waive his right to trial within 180 days provided by the Uniform Agreement on Detainers, the trial court granted the continuance and defendant was remanded to the custody of the United States marshals who had escorted defendant to and from court for every appearance and had required him to stay in the Springfield city jail while awaiting trial because the McLean County jail did not meet Federal standards. After the continuance was granted, the defendant was taken back by the United States marshal to the Federal prison in Terre Haute. Defendant argues that the indictment against him should have been dismissed because he was removed from Illinois prior to being tried. The Uniform Agreement on Detainers, under which defendant was brought to Illinois for trial, provides in article III, section (d), in part:

> "If trial is not had on any indictment, information or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." (Ill. Rev. Stat. 1973, ch. 38, par. 1003—8—9.)

A like provision is found in article IV, section (3), of the same Act. The plain language of the statute would indicate that the indictment should have been dismissed if defendant was transferred to the original place of his imprisonment, or even back to the sending jurisdiction, prior to trial. We do not so hold because the delay of the trial and the corresponding transfer of the defendant's person is attributable to defendant's own motion for a continuance.

■■ There is no authority in Illinois to guide us in reaching this conclusion, but the same result was reached in *People v. Bernstein* (1973), 344 N.Y.S.2d 786, 74 Misc. 2d 714, where it was held that defendant could not take advantage of his own action in seeking a continuance so as to rely on the strict construction of the section involved. A contrary result was reached in *United States v. Mauro* (E.D. N.Y. 1976), 414 F. Supp. 358. We think that the reasoning of *Bernstein* is more persuasive. A defendant cannot take advantage of his removal from the State to await trial, and the trial court's display of fairness in granting a continuance, to maneuver the dismissal of the indictment against him. To place such construction on the statute would be to reach an absurd result and one which we think the legislature did not intend.

■■ Defendant also argues that the trial court committed error in sentencing him on June 5, 1975, to a consecutive term of 2 to 8 years. At

the time he was tried for this offense, defendant was serving a 5-year Federal sentence. The sentence imposed here was to run consecutively to the Federal sentence. A defendant has the right to be sentenced either under the law in effect at the time the crime was committed, or under the law in effect at the time of sentencing. (*People v. Hollins* (1972), 51 Ill. 2d 68, 280 N.E.2d 710.) It is to the defendant's benefit to have his sentence tested by the law in effect at the time the crime was committed rather than the statute in effect in June 1975. That former provision read in part as follows:

> "The aggregate minimum period of consecutive sentences shall not exceed twice the lowest minimum term authorized under Section 5—8—1 for the most serious felony involved. When sentenced only for misdemeanors, a defendant shall not be consecutively sentenced to more than the maximum for Class A misdemeanor." Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—4(c).

This provision clearly invalidates a consecutive sentence where the aggregate minimum of all the consecutive sentences exceeds twice the lowest minimum term authorized for the most serious felony involved. The maximum penalty available for a violation of the Dyer Act is a determinate sentence of not more than 5 years. (18 U.S.C. 2312.) The maximum penalty available for forgery, a Class 3 felony, is 10 years, making that offense the most serious of the two. Twice the lowest minimum term authorized under section 5—8—1 of the Unified Code of Corrections for forgery is 2 years. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1.) Therefore, the consecutive sentence here cannot have an aggregate minimum term of greater than 2 years. Section 5—8—4(a) of the Code (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a)) clearly authorizes the use of this formula in reviewing State sentences imposed to run consecutively to Federal sentences.

■■ The question remains, however, of how to treat the Federal determinate sentence here for the purpose of determining the parameters of the maximum consecutive sentence that may be imposed. It is clear that as opposed to an indeterminate sentence, a determinate sentence is one without stated maximum or minimum terms which results in a definite, as opposed to an indefinite, actual term of imprisonment. (24B C.J.S. *Criminal Law* §1993 (1962); see 42 C.J.S. 642 (1944); 26A C.J.S. 885 (1956).) The 5-year sentence against defendant here must therefore be considered to be both the minimum and the maximum terms. Under this analysis, the consecutive sentence imposed by the trial court exceeds the minimum term allowable and must be changed.

However, the sentence cannot possibly have an aggregate minimum term of 2 years when one end of the consecutive sentence is a determinate

term of 5 years. The sentence is therefore vacated and the cause is remanded with directions to amend the mittimus to reflect the imposition of a concurrent, rather than a consecutive sentence. This result is in accord with the result reached in *People v. Sims* (1976), 43 Ill. App. 3d 910, 357 N.E.2d 808, which was based on substantially the same fact pattern involving a Federal determinate sentence.

Conviction affirmed; sentence modified.

GREEN and MILLS, JJ., concur.