Donald J. Mark, J.
The defendant has brought a motion *905 under the provisions of the interstate agreement on detainers as contained in CPL article 580 to dismiss four indictments now pending in this court.
At all times relevant to this motion, the defendant was serving a Federal sentence at the United States Medical Center for Federal prisoners in Missouri.
On May 12, 1975 the defendant was brought to Rochester, New York in Federal custody on two unconcluded Federal indictments. On May 13, 1975, this court issued a writ of habeas corpus ad prosequendum to produce the defendant for arraignment on indictment No. 430. Defendant was arraigned and transferred back to Federal custody. On June 5, 1975, the defendant at his request was granted a writ of habeas corpus ad prosequendum for the period June 5, 1975 to June 20, 1975, so that defendant could prepare a defense to indictment No. 430. On June 13, 1975 defendant served notice pursuant to CPL 580.20 that he was ready for trial. However, trial of that indictment was not had, and defendant was returned to the Federal facility in Missouri.
On June 29, 1976 this court issued a writ of habeas corpus ad prosequendum to have defendant produced for arraignment of indictment Nos. 817, 1024 and 1084 (superseding). Thereafter defendant was arraigned in Monroe County on all three indictments. After unsuccessful plea negotiations, the defendant was returned to the Federal facility in Missouri.
The thrust of defendant’s arguments on this application is that CPL 580.20 requires dismissal of State indictments in the receiving State where a prisoner is produced pursuant to the interstate agreement on detainers and then returned to the sending State without trial of that indictment. Defendant further bolsters his argument with respect to indictment No. 430 by his assertion that he was ready to stand trial during the period that he was present pursuant to the writ of habeas corpus ad prosequendum, and the fact that he served written notice of his readiness at that time.
The People resist the defendant’s application by arguing that the indictments should not be dismissed because the defendant was physically unable to go to trial during the pendency of the said indictments. The People also assert that a writ of habeas corpus ad prosequendum is not a "detainer” within the meaning of that term as embodied in the interstate agreement on detainers (CPL 580.20). Finally, the People assert that the defendant never was transferred from Federal *906 custody to State custody and therefore that the harsh dictates of CPL 580.20 need not be applied to these indictments.
The People’s first argument — that the defendant was physically unable to proceed to trial — is convincing.
CPL 580.20 itself militates against the defendant’s claim. CPL 580.20 (art VI, subd [a]) explicitly states that the running of the time periods provided in articles III and IV "shall be tolled whenever and for as long as the prisoner is unable to stand trial”.
Although in a somewhat analogous situation United States v Mauro (544 F2d 588) reached a contrary result there is State and Federal case law in support of the People’s position in parallel situations.
In People v Bernstein (74 Misc 2d 714) the defendant was brought into State court, granted a requested adjournment for the purpose of making pretrial motions and subsequently returned to Federal custody. His motion based upon CPL 580.20 was denied, the court holding that an indictment may be dismissed under that section only in a case where the defendant himself is ready for trial within the prescribed time. The court further stated that "This defendant cannot take advantage of his own actions so as to rely upon the strict construction of the above-referred to section. The defendant is urging an impractical and unduly harsh interpretation of the statute and his literal interpretation would limit the appearance of defendants in State courts for the purpose of pretrial motions and procedures.”
United States v Scallion (548 F2d 1168) is in accord. There the defendant, a New York prisoner, was produced in Federal District Court in December, 1973. At his request he was returned to New York in July, 1974 to attend a parole hearing and thereafter in September, 1974 he was returned to Federal custody for trial. Upon his conviction he argued that his indictment should have been dismissed because he was not tried before his return to New York in violation of the interstate agreement on detainers. The defendant’s argument was rejected upon the ground that since his return to New York was at his request he was estopped from claiming such a violation.
Accordingly, because of the defendant’s physical incapacity to stand trial on these indictments, his contention that he is entitled to their dismissal because he was not tried before his return to Federal custody is unavailing to him.
*907 The People’s second argument — that a writ of habeas corpus ad prosequendum is not a "detainer” within the meaning of CPL 580.20 — is also compelling.
Again, there is Federal decisional law to the contrary United States v Mauro (supra); United States ex rel. Esola v Groomes (520 F2d 830). However, CPL 580.10, 580.20 and 580.30 and United States v Scallion (supra) agree with the People’s claim.
CPL 580.10 provides that the attendance in a court of this State of a defendant confined as a prisoner in an institution of another jurisdiction of the United States may be secured pursuant to (1) CPL 570.12; or (2) CPL 580.20; or (3) CPL 580.30. CPL 580.10 points out the available methods of securing the attendance of defendants who are prisoners outside New York (Denzer, Practice Commentaries, McKinneys Cons Laws of NY, Book 11 A, CPL 580, p 127.)
CPL 570.12 refers to the common extradition proceeding and has no application here. CPL 580.20 is the interstate agreement on detainers and is the section relied upon by the defendant. CPL 580.30 relates to two methods by which the attendance of a Federal prisoner may be secured in this State. The first procedure is not applicable here. The second procedure provides for the application by the District Attorney to a superior court for the issuance of a writ of habeas corpus ad prosequendum addressed to the Attorney-General of the United States. This was the procedure employed in this case by the District Attorney.
It seems manifest that while the defendant is basing his application for dismissal on CPL 580.20, the interstate agreement on detainers, his reliance on that section is misplaced, because the procedure utilized by the District Attorney was authorized by CPL 580.30 (subd 1, par [b]), the writ of habeas corpus ad prosequendum. There can be no question that these two sections, viz., CPL 580.20 and CPL 580.30, are separate and distinct sections. The interstate agreement on detainers is an interstate compact adopted by both the Federal Government (United States v Mauro, 544 F2d 588 supra) and this State (People v Bernstein, 74 Misc 2d 714, supra) while CPL 580.30 has no Federal statutory recognition (Ponzi v Fessenden, 258 US 254).
In addition, although United States v Mauro (supra) and United States ex rel. Esola v Groomes (supra) equate a writ of habeas corpus ad prosequendum with a detainer, United *908 States v Scallion (supra) and the dissenting opinion in Mauro have no trouble in finding a clear line of demarcation between the two procedures.
Scallion (supra, p 1173) defines a "detainer” as "a notification filed with the institution in which a person is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction” and the ad prosequendum writ as "an order commanding the production of a prisoner promptly or by a specified date, whereupon he is turned over to a federal custodian”.
A "detainer” is described in the Mauro dissenting opinion (supra, p 595) in this language, "A detainer, as its name implies, is an administrative notification lodged with a prison authority, advising that a certain prisoner in its custody is wanted for prosecution elsewhere and requesting that the prisoner be detained or held to face the out-of-state charge” and the ad prosequendum writ in these words, "a federal writ of habeas corpus ad prosequendum is a federal court order commanding the immediate production of a prisoner at a federal trial.”
It is clear that in this case the procedure used by the District Attorney conformed to the definition of a writ of habeas corpus ad prosequendum set forth in United States v Scallion (548 F2d 1168 supra) and the dissent in United States v Mauro (supra). It is also equally clear that the abuses sought to be curbed by the stringent provisions of the interstate agreement on detainers People v Esposito (37 M2d 386), e.g. obstruction of a prisoner’s rehabilitation program, have no application to the purpose and use of the ad prosequendum writ.
Thus, the defendant cannot avail himself of harsh results mandated by CPL 580.20 for the simple reason that CPL 580.20 was not employed by the District Attorney to effect the temporary presence of the defendant before this court for pretrial proceedings.
The People’s third argument — that the defendant never actually left Federal custody — is interesting and logical. However, no authority for this proposition was cited and none was found. Since the People have prevailed upon their first two contentions, it becomes unnecessary to decide their third.
Therefore, for the reasons stated above, the application of the defendant to dismiss the four indictments pending against *909 him because of the violation of his rights under CPL 580.20 is in all respects denied.