(No. 49345.—

CLARENCE NEVILLE, Petitioner, v. SIMON L. FRIEDMAN, Judge, *et al.,* Respondents.

*Opinion filed September 20, 1977.*

James R. Potter, of Londrigan & Potter, of Springfield (Gerald Alch, of Boston, Massachusetts, of counsel), for petitioner.

William J. Scott, Attorney General, and C. Joseph Cavanagh, State's Attorney, both of Springfield (Donald B. MacKay and Raymond McKoski, Assistant Attorneys General, of Chicago, and Robert C. Perry, of the Illinois State's Attorneys Association Prosecutor's Appellate Service, of Springfield, of counsel), for respondents.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

We granted petitioner, Clarence Neville, leave to file this original action for a writ of prohibition. His petition results from the Sangamon County circuit court's denial of his motion to dismiss several indictments there pending against him. He seeks permanent prohibition of a trial on these indictments and their dismissal with prejudice.

Neville was serving a 10-year sentence at the Federal penitentiary in Terre Haute, Indiana, when he was transferred to the Sangamon County jail in June 1976 pursuant to section 3—8—9(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1003—8—9(a)) for the purpose of trial on these indictments. This statute represents Illinois' adoption of the Uniform or Interstate Agreement on Detainers Act in force in the Federal system, the District of Columbia, and 44 States. Neville's trial was scheduled for October 25, 1976, when his privately retained counsel requested, on October 18, a continuance because of counsel's illness. The circuit court granted a continuance until January 1977, with a specific

date to be set later. Shortly thereafter, the court, with no apparent objection by petitioner, entered an order directing his return to the Federal penitentiary in Terre Haute, the transfer apparently occurring on October 25. Subsequently, petitioner filed his motion to dismiss based on article IV(e) of section 3—8—9(a) of the Unified Code of Corrections, which provides:

> "If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V (e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." (Ill. Rev. Stat. 1975, ch. 38, par. 1003—8—9(a).)

This motion was denied, the court ruling that *People v. Dye* (1977), 45 Ill. App. 3d 465, *appeal allowed* (May 1977), No. 49413, was controlling on the issue. This action followed.

A single issue is presented: Does article IV(e) of section 3—8—9(a) of the Unified Code of Corrections require the dismissal of indictments pending against a defendant who, as a result of a lengthy, indefinite trial continuance granted at his request, has been returned to the sending jurisdiction without objection on his behalf? We hold that it does not.

Article I of section 3—8—9(a) sets forth the purpose of the statute:

> "The party states find that charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints. The party states

also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purpose of this agreement to provide such cooperative procedures." (Ill. Rev. Stat. 1975, ch. 38, par. 1003—8—9(a).)

Article IV(c) states:

"[I]n respect of any proceeding made possible by this Article [*i.e.*, after a written request for temporary custody made by the prosecutor to a jurisdiction wherein the prisoner is incarcerated], trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

Article V(e) provides:

"At the earliest practicable time consonant with the purposes of this agreement, the prisoner shall be returned to the sending state."

Petitioner urges that article IV(e), which does not expressly acknowledge any exception to its requirement of dismissal where a defendant has been returned untried to the sending State, should be read literally. A cardinal rule of statutory construction is, however, that the intent and meaning of a statute are to be determined by looking to the entire statute. Each provision should be construed in connection with every other provision and in light of the statute's general purposes. (*Huckaba v. Cox* (1958), 14 Ill. 2d 126, 131.) As set forth in article I, the Act is designed to encourage the expeditious and orderly disposition of untried charges against a prisoner in order to accomplish its basic purpose of reducing obstructions to programs of prisoner treatment and rehabilitation. The requirement of a trial within 120 days (art. IV(c)) is directly related to expeditious dispositions, and the requirement that the prisoner be returned to the sending State at the earliest practicable time (art. V(e)) clearly promotes the rehabili-

tative purpose. In this context discouraging the return of an untried prisoner to the sending State (art. IV(e)) provides an additional incentive to a speedy disposition.

Application of the statute to the facts here, however, keeping in mind the statutory objectives, leads to the conclusion that the motion to dismiss was properly denied. As a consequence of the trial court's concern for fairness to petitioner, his request for a continuance based upon his attorney's illness was allowed. This constituted good cause for a continuance under article IV(c), and the running of the 120-day period was thereby tolled. Petitioner suggests, however, that this continuance cannot properly be attributed to him because he was not present when it was requested or granted. This court has previously rejected this argument. (*People v. Siglar* (1971), 49 Ill. 2d 491, 496; *People v. Woods* (1963), 27 Ill. 2d 393, 395.) In addition, article IV(c) requires only the presence of the defendant or his counsel. Allowance of the continuance resulted in a delay of the trial by at least 2½ months, and, at the time of petitioner's return to Indiana, it was not known when the trial would actually occur. It is noteworthy that, at the time petitioner requested the continuance, he had already been held in the Sangamon County jail for approximately four months. While this approaches the outer limits of time which the Agreement on Detainers anticipates a prisoner will spend in the receiving State under article IV, we believe the literal reading of article IV(e) urged upon us by petitioner is inimical to the fundamental purpose of the Act. County jails are designed and intended for short-term incarceration of prisoners, and are neither equipped nor staffed for the type of rehabilitative and training programs found in prisons. It seems entirely clear to us that petitioner's continued detention in the Sangamon County jail for an additional period of 2½ or more months would substantially interfere with the Federal prisoner-treatment and

rehabilitation programs which were employed at Terre Haute. Such interference is not in the best interests of petitioner, for whose benefit the programs are designed, nor of a society interested in the rehabilitation of its offending members. By contrast, we can discern no useful purpose to be accomplished by holding petitioner in the Sangamon County jail during that period, and he does not argue that any exists.

While the issue we are deciding is a question of first impression in this court, others have spoken to it. In *People v. Dye* (1977), 45 Ill. App. 3d 465, *appeal allowed* (May 1977), No. 49413, the prisoner was sent from the Federal penitentiary in Terre Haute, Indiana, to Illinois for trial. A continuance was granted because defense counsel was not ready for trial, and United States marshalls returned the prisoner to Terre Haute. That court held a defendant cannot take advantage of the trial court's fairness in granting his request for a continuance and then obtain a dismissal because of his return to the sending jurisdiction. In *People v. Bernstein* (Dutchess County Ct. 1973), 74 Misc. 2d 714, 344 N.Y.S.2d 786, the prisoner was sent from the Federal correctional institution in Danbury, Connecticut, to New York for arraignment, and thereafter returned to Danbury pending the filing and resolution of pretrial motions by his counsel. The court held him not entitled to dismissal because he was returned untried to the sending State since he had not been ready for trial in the receiving State.

Petitioner relies upon several cases which we find substantially less persuasive than he. His contention is perhaps best illustrated by *dictum* in *United States v. Ricketson* (7th Cir. 1974), 498 F.2d 367, 373, *cert. denied* (1974), 419 U.S. 965, 42 L. Ed. 2d 180, 95 S. Ct. 227: "[T]here are no exceptions to the requirement that defendant not be returned *** untried." That court went on to hold, however, that the Agreement on Detainers Act

was inapplicable, and we do not find the quoted observation persuasive, particularly since the case did not involve continuances granted at the defendant's request, a factor we regard as highly significant in our case. Its absence serves to distinguish all but one of the remaining cases cited by petitioner. (See *United States ex rel. Esola v. Groomes* (3d Cir. 1975), 520 F.2d 830; *United States v. Sorrell* (E.D. Pa. 1976), 413 F. Supp. 138; and *Commonwealth v. Merlo* (1976), ——— Pa. Super. ———, 364 A.2d 391.) The remaining case, *United States v. Mauro* (2d Cir. 1976), 544 F.2d 588, was basically concerned with two issues not before us: whether a *habeas corpus ad prosequendum* is the equivalent of a detainer under the statute and whether the United States adopted the statute only as a sending State and not as a receiving State. The court referred to the waiver argument only in a footnote (544 F.2d 588, 591 n.3), and we do not find it persuasive.

In our judgment nothing in the Agreement on Detainers Act requires the dismissal of charges against a defendant as to whom Illinois was prepared to go to trial, but who was, without objection by him, returned to the sending jurisdiction because of lengthy trial delay occasioned by him. We believe his return under those circumstances implements the underlying rehabilitative purpose of the Act, and that denial of his subsequent motion to dismiss the indictments was proper.

The petition for a writ of prohibition is accordingly denied.

*Writ denied.*