**Jose William ECHEVARRIA, Petitioner-Appellant,**

v.

**Griffin BELL, Attorney General of the United States, Warden W. R. Nelson, Metropolitan Correctional Center, and State of Illinois, Respondents-Appellees.**

No. 78–1205.

United States Court of Appeals, Seventh Circuit.

Argued April 28, 1978.

Decided June 29, 1978.

John Prusik, Asst. Atty. Gen., Chicago, Ill., for respondents-appellees.

Before FAIRCHILD, Chief Judge, MARKEY, Chief Judge of the Court of Customs and Patent Appeals,[1] and BAUER, Circuit Judge.

MARKEY, Chief Judge.

Appeal from an order of the United States District Court for the Northern District of Illinois, case No. 77 C 2772, dismissing petitioner's motion for issuance of a writ of habeas corpus. We affirm.

*Background*

On October 21, 1975, petitioner Echevarria was sentenced to prison on a federal charge. On November 16, 1976, upon petition of the respondent State of Illinois, pursuant to the Interstate Agreement on Detainers Act (Act), Ill.Rev.Stat. ch. 38 (1973), Echevarria was removed from federal to state custody, to stand trial on an unrelated state charge and was lodged in the County Jail. On November 24, 1976, on Echevarria's own motion, the mittimus previously issued to the County Jail was withdrawn, Echevarria was returned to federal custody, and was lodged in the Metropolitan Correctional Center virtually across the street from the County Jail. On December 13, by order of the state court, he was remanded to the custody of the Cook County Sheriff. On February 2, 1977, Echevarria pleaded guilty to the state charge, and was sentenced to serve a state prison term concurrent with his federal term. On November 17, 1977 Echevarria filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254(b),[2] alleging that a violation of Article IV(e) of the Act, Ill.Rev.Stat. ch.

P. Sveinbjorn Johnson, Chicago, Ill., for petitioner-appellant.

1. The Honorable Howard T. Markey of the United States Court of Customs and Patent Appeals is sitting by designation.

2. § 2254. State custody; remedies in State Courts.
 (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

38, § 1003–8–9(a),[3] occurred when he was returned to federal custody on November 24, 1976, without his having been tried on the state charge. The district court dismissed the petition for failure to show exhaustion of state remedies.[4] This court issued a certificate of Probable Cause in view of the alleged violation of the Act.

On appeal, Echevarria argues that, as envisioned in § 2254(b), circumstances existed relieving him from the requirement of exhausting state remedies; specifically, that in *Neville v. Friedman,* 67 Ill.2d 488, 10 Ill.Dec. 575, 367 N.E.2d 1341 (1977) and in *People v. Dye,* 69 Ill.2d 298, 13 Ill.Dec. 695, 371 N.E.2d 630 (1977), the Illinois Supreme Court denied relief where the record disclosed a continuance granted at defendant's request, and that there is no reason to believe that the Illinois courts would now take a different position. Echevarria cites federal court decisions,[5] allegedly contrary to the position set forth in *Neville* and *Dye,* as indicating that Illinois courts are in disagreement with federal law as defined in those decisions.

### Issues

The issues are (1) whether the Act is a law of the United States conferring jurisdiction on this court under 28 U.S.C.

§ 2254(a);[6] and (2) whether the circumstances here relieved Echevarria of the requirement that he exhaust his state remedies.[7]

### OPINION

1. *Jurisdiction Under 28 U.S.C. § 2254(a)*

Illinois argues that no issue involving the violation of "Laws . . . of the United States" is presented here. We disagree.

 Under the Act, prisoners have both state and federal rights. Art. I, § 10, cl. 3 of the United States Constitution provides: "No State shall, without the Consent of Congress, . . . enter into any Agreement or Compact with another State . . ." Congress has given consent in advance "to any two or more States to enter into agreements . . . for cooperative effort . . . in the prevention of crime and in the enforcement of their respective criminal laws . . ." 4 U.S.C. § 112(a) (1970). The Act is an agreement for cooperative effort in the enforcement of the signatory states' criminal laws. "The construction of a compact sanctioned by Congress under art. I, § 10, cl. 3, of the Constitution presents a federal question."[8] *Petty v. Tennessee-Missouri Bridge Com-*

---

3. Ill.Rev.Stat. ch. 38, § 1003–8–9(a).

 If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V(e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

4. The district court stated: "Upon careful consideration of the original and amended petition filed by Echevarria in this case, the Court is unable to conclude or to infer that the petitioner has endeavored to invoke any state remedies, much less exhausted such remedies."

5. *United States v. Mauro,* 544 F.2d 588 (2d Cir. 1976), *reversed,* —— U.S. ——, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978); *United States v. Ricketson,* 498 F.2d 367 (7th Cir. 1974); and *United States v. Sorrell,* 413 F.Supp. 138 (E.D.Pa. 1976).

6. § 2254. State custody; remedies in State courts.

 (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

7. The stated purpose of the Act—to "remove uncertainties which obstruct programs of prisoner treatment and rehabilitation," produced by "charges outstanding against a prisoner, detainers based on untried indictments . . . and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions," Pub.L. 91–538, § 2, Article I (1970)—is not here involved. Echevarria does not allege any obstruction of his treatment or rehabilitation. No violation of Echevarria's right to a speedy trial is alleged on appeal.

8. Congressional approval was given the Act in 1949, after twenty-eight states had enacted it. *Mauro,* 544 F.2d 588 at 590.

*mission,* 359 U.S. 275 at 278, 79 S.Ct. 785 at 788, 3 L.Ed.2d 804 (1959) (citing *Delaware River Commission v. Colburn,* 310 U.S. 419 at 427, 60 S.Ct. 1039, 84 L.Ed. 1287 (1940)), and "involves a federal 'title, right, privilege or immunity.'" *Colburn,* 310 U.S. at 427, 60 S.Ct. at 1041.[9] Thus an allegation of a state prisoner, that he has been denied rights under the Act, is an allegation that he is in custody in violation of a law of the United States, and the requirement for federal habeas corpus jurisdiction under 28 U.S.C. § 2254(a) is met.[10]

## 2. *Exhaustion of State Remedies*

 Exhaustion is not a jurisdictional requirement, and does not go to the power of the district court to hear petitions for writ of habeas corpus. *United States ex rel. Wilson v. Rowe,* 454 F.2d 585 at 588 (7th Cir. 1972). However, as this court said in that case, *id.* at 589, "the principle of comity gives continued real viability to the [exhaustion] doctrine which should be followed unless the state processes are demonstrably ineffective to protect the rights of the petitioner."[11]

 "When a federal court is unable to determine unequivocally that an issue has been considered and ruled upon by the state courts, comity requires that the initial determination of the issue be made by the state courts." *Tyler v. Swenson,* 527 F.2d 877 at 880 (8th Cir. 1976) (citing *Fay v. Noia,* 372 U.S. 391 at 420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)). *See also United States ex rel. Williams v. Brantley,* 502 F.2d 1383 (7th Cir. 1974).

 Whether a three-week period of federal custody, following eight days after removal to state custody under the Act, and granted at a prisoner's request violates Article IV(e) of the Act has not been decided by the Illinois courts. The cases cited by Echevarria, *Neville* and *Dye, supra,* are sufficiently distinguishable on their facts from those in the present case, that it cannot be determined "unequivocally that [the] issue has been considered and ruled upon by the state courts . . . ."

In *Neville,* a single issue was presented: Does article IV(e) of section 3–8–9(a) of the Unified Code of Corrections require the dismissal of indictments pending against à defendant who, as a result of a lengthy, indefinite trial continuance granted at his request, has been returned to the sending jurisdiction without objection on his behalf?

67 Ill.2d at 491, 367 N.E.2d at 1342.

In *Dye,* the court stated:

We believe that the reasoning of *Neville* is applicable to the situation before us today. And, while we are aware of certain dissimilarity between the facts in *Neville* and those in the case at bar, we do not feel that the differences are controlling. Both prisoners were returned to the places of their original imprisonment, the Federal penitentiary in Terre Haute, during the length of *continuances granted at their own request.* As in *Neville* [67 Ill.2d at 494, 367 N.E.2d at 1344], we regard this to be a highly significant fact.

69 Ill.2d at 303, 371 N.E.2d at 632 (emphasis added). In the present case, no continuance *per se* was involved. Echevarria was returned to federal custody at his own request, and prior to the state trial, but nothing of evidence indicates that a continuance was requested or ordered. The net result was that Echevarria spent three weeks of his pretrial detention on the state charge in

---

9. The United States was not a party to the agreements in *Petty* or *Colburn, supra,* as it is here. The United States is a "state" for purposes of the Act. Pub.L. 91–538, § 2, Article II(a) (1970).

10. The basis of jurisdiction was cogently set forth by Judge Joiner in *Stroble v. Egeler,* 408 F.Supp. 630 at 633–34 (E.D.Mich.1976), *reversed on other grounds,* 547 F.2d 339 (6th Cir. 1977).

11. Illinois here contends that Echevarria has a remedy in the Illinois Habeas Corpus Act, Ill. Rev.Stat. ch. 65, § 22. "The Illinois habeas corpus remedy is available if the [state] trial court had no jurisdiction . . . ." *United States ex rel. Allum v. Twomey,* 484 F.2d 740 at 742 n.6 (7th Cir. 1973).

federal, rather than state, custody. Whether his state trial was delayed, either by action of state or federal authorities or by his own action [12] in requesting transfer of custody, does not appear in the record.

Echevarria's argument, that the Illinois courts have, and therefore would, disregard certain federal decisions allegedly requiring issuance of the writ he seeks, is without merit. The federal cases allegedly disregarded in *Neville* and *Dye*—*Ricketson, Mauro,* and *Sorrell, supra* note 3—are distinguishable.

In *Ricketson,* defendant, while serving a sentence in state prison, was taken to federal court on three separate occasions—for arraignment, deposition, and disposition of pre-trial motions—*before* any detainer was filed by the United States. This court therefore held that the Act was inapplicable and the failure to try defendant before return to state custody was irrelevant. Because the court was not called upon to interpret Article IV(e), its statement relied on by Echevarria, that "... there are no exceptions to the requirement that defendant not be returned to state custody untried," 498 F.2d at 373, is of limited, if any precedential value and cannot in itself be presumed to be either persuasive, or controlling upon Illinois' interpretation of Article IV(e). In *Ricketson,* this court was not looking beyond the facts there presented, nor could it have considered the ramifications of its statement in other contexts, "... the contemplation of which [was] precluded by the exigencies of deciding a particular case presented on a limited record developed by present parties." *Leannais v. Cincinnati, Inc.,* 565 F.2d 437 at 441 (7th Cir. 1977).

Similarly, the quotation from *Mauro* relied upon by Echevarria, "The participating parties to the Agreement have ... solemnly promised that his [defendant's] trial will be expeditious and will take place

before he is returned on penalty of a dismissal of the indictment with prejudice," 544 F.2d at 593, cannot be considered controlling. In *Mauro,* each defendant separately moved for dismissal of his indictment prior to trial, on the ground of violation of Article IV(e) of the Act, which motions were granted, *id.* at 590, and the issue in *Mauro* was whether a writ of habeas corpus ad prosequendum issued by the United States should be treated as a detainer under the Act. *Id.* at 591.

*Sorrell* is equally distinguishable. There, defendant was twice removed from state prison to federal custody pursuant to a writ of habeas corpus ad prosequendum. The second time, a continuance was granted at the request of defendant's counsel, and defendant was returned to the state prison. Defendant filed a motion to dismiss with prejudice, pursuant to Article IV(e) of the Act, when the trial was scheduled. In granting the motion, the district court did not consider the effect of the request for a continuance, so vital to the decisions in *Neville* and *Dye, supra,* nor the effect of a pre-trial custody transfer request by the defendant, as occurred here. Though the court stated, "It is the fact of transfer, and not the reason that is important," 413 F.Supp. 141, that statement of the district court in Pennsylvania is not controlling in the Illinois courts.

We express no view respecting the applicability to the present facts of the reasoning in *Ricketson, Mauro* and *Sorrell.* It is enough to hold, as we do, that those federal decisions were not so controlling of the situations involved in *Neville* and *Dye* as to establish that Illinois has disregarded federal law. Similarly, we express no view on whether Illinois courts would reach here the result they reached in *Neville* and *Dye,* i. e., that Illinois would apply those cases, *stare decisis,* to the present facts. Again, it is enough to hold, as we do, that a present exercise of federal jurisdiction would be

---

12. In *Neville,* the court apparently considered an argument that defendant had waived his rights under Article IV(e), rejecting as unpersuasive a footnote in *Mauro,* 544 F.2d at 591 n.3, that dismissed the government's waiver argument, 67 Ill.2d at 495, 367 N.E.2d at 1344.

The facts in *Mauro* were substantially different from those here and from those in *Neville.* Neither party has raised a waiver issue here and the record of the state proceedings is not before us.

premature where, as here, the prisoner has not shown that Illinois' "processes are demonstrably ineffective to protect" his rights. *Wilson, supra,* at 589.

### Conclusion

Because the Act is creative of federal rights and interpretation of the Act presents a federal question, federal jurisdiction is present here. Nonetheless, no federal case interpreting Article IV(e) is controlling in the context of the present case, and neither *Neville* nor *Dye* is exhaustive of Illinois' interpretation of Article IV(e). Under the circumstances, the action of the Illinois courts, given the opportunity to adjudicate in the present case, cannot be predicted with an accuracy so fine as to warrant the exercise of federal jurisdiction. We therefore decline the exercise of our jurisdiction, and require that Echevarria, before seeking relief in the district court pursuant to 28 U.S.C. § 2241, *et seq.*,[13] exhaust the remedies provided by Illinois. Accordingly, the order of the district court is affirmed.

13. § 2241. Power to grant writ.
 (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts, and any circuit judge within their respective jurisdictions . . .