James R. Glover, Shellow & Shellow, Milwaukee, Wis., for petitioner.

Bronson C. LaFollette, Atty. Gen. by Thomas J. Balistreri, Asst. Atty. Gen., Madison, Wis., for respondent.

Howard Leroy ROOT, Petitioner,

v.

Donald E. PERCY, Respondent.

No. 80–C–953.

United States District Court,
E. D. Wisconsin.

Dec. 31, 1980.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Presently before me is the petition of Howard L. Root for a writ of habeas corpus. On October 21, 1980, after preliminary screening under Rule 4, Rules Governing Section 2254 Cases, I ordered the respondent to file an answer to the petition of Mr. Root. I noted in that order that Mr. Root was still pursuing an appeal in state court, but that exceptions existed to the rule that exhaustion of state remedies must occur prior to the pursuit of federal habeas corpus. I also stated that the record at that time did not contain information sufficient to determine whether the exceptions to the exhaustion rule applied in the case at bar. The respondent has now answered, and I

find that this petition for a writ of habeas corpus should be denied.

■ Mr. Root was convicted of second-degree sexual assault in circuit court for Milwaukee County on October 15, 1979. He was sentenced to serve a total of one year on probation in lieu of a suspended sentence. As I determined in the order of October 21, 1980, probation is a status which satisfies the "in custody" requirement of 28 U.S.C. § 2254, see *Hahn v. Burke*, 430 F.2d 100 (7th Cir. 1970). Mr. Root is no longer in custody; his term of probation expired on October 16, 1980.

■ Mr. Root has pending an appeal before the Wisconsin court of appeals. His petition for federal habeas corpus relief was filed just prior to the termination of his sentence. He requests that this court entertain this petition so that he does not lose his habeas corpus remedy. As stated in the petition:

> "The grounds listed in [this petition] are presented in the petitioner's appeal now pending in the Wisconsin Court of Appeals. He cannot wait for the decision by that Court before filing the instant petition because his custody will terminate on October 16, 1980. If he waits to exhaust, his right to apply for federal habeas corpus relief will be forever lost."

Mr. Root accurately stated his problem, but he has failed to persuade me that this situation is one in which proper deference should not be paid to the state courts. The judgment of conviction was entered in Mr. Root's case on October 15, 1979. The answer to this petition reveals that various matters delayed the appeal before the state court of appeals. After the judgment of conviction was entered, Mr. Root had the option of appealing his conviction to the court of appeals or seeking post-conviction relief in the trial court, Wis.Stat. § 809.-30(f). He chose the latter course, filing two motions with the trial court. These motions were denied according to the statutory procedure for such motions, Wis.Stat. § 809.-30(g).

Once the motions were denied, Mr. Root appealed the conviction; the record on appeal was filed with the clerk of the state court of appeals on May 27, 1980. The matter was placed on a briefing schedule; subsequently Mr. Root requested and received a short extension of time. The briefing schedule was completed, and the state court of appeals has had the case under advisement since approximately September 15, 1980.

This record does not suggest any inordinate delay on the part of the state courts sufficient to permit Mr. Root presently to pursue a habeas corpus petition in this court. The state court of appeals has had Mr. Root's case for little over half a year. Part of this time is attributable to Mr. Root's request for an extension to file his brief. In addition, the entire appellate process from time of conviction to date has only taken about fourteen months, several months of which can be attributed to Mr. Root's decision to pursue motions before the trial court. Far longer delays have been accepted by the federal courts without permitting an expedited pursuit of the federal habeas corpus remedy. *See Ralls v. Manson*, 503 F.2d 491 (2d Cir. 1974).

This court is bound by principles of comity to keep intervention in state criminal matters to a minimum. As stated by Justice Brennan: "The exhaustion-of-state-remedies doctrine, as now codified in the federal habeas corpus statute, 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, 'an accommodation of our federal system designed to give the State the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1975) (citations omitted). The principle of comity as expressed by the exhaustion-of-state-remedies rule should be followed "unless the state processes are demonstrably ineffective to protect the rights of the petitioner." *Echevarria v. Bell*, 579 F.2d 1022, 1025 (7th Cir. 1978).

There is no reason to believe that in the case at bar the Wisconsin courts will not

adequately protect the petitioner's federal rights. The real problem is that Mr. Root's sentence was shorter than the amount of time necessary to pursue appeal of his conviction. This cannot justify interference with the state's criminal process when there is no indication that the petitioner will not receive such relief as is appropriate. *See United States ex rel. Goodman v. Kehl,* 456 F.2d 863 (2d Cir. 1972).

Therefore, IT IS ORDERED that the petition of Howard L. Root for a writ of habeas corpus be and hereby is denied.

IT IS ALSO ORDERED that this action be and hereby is dismissed.