UNITED STATES of America ex rel. Clarence WALKER, Petitioner–Appellee,

v.

Michael O'LEARY, Warden, Stateville Correctional Center, Respondent–Appellant.

No. 90–3791.

United States Court of Appeals, Seventh Circuit.

Argued April 8, 1992.

Decided Aug. 11, 1992.

Sheri H. Mecklenburg (argued), McDermott, Will & Emery, Chicago, Ill., for petitioner-appellee.

Neil F. Hartigan, Atty. Gen., Office of the Atty. Gen., Terence M. Madsen, Asst. Atty. Gen., and Steven J. Zick (argued), Office of the Atty. Gen., Crim. Appeals Div., Chicago, Ill., for respondent-appellant.

Before BAUER, Chief Judge, RIPPLE, Circuit Judge, and BURNS, Senior District Judge.[*]

BAUER, Chief Judge.

In 1966, petitioner-appellee Clarence Walker was convicted of rape, armed robbery, and attempted murder in the Circuit Court of Cook County, Illinois. He was sentenced to consecutive terms of 100 to 150 years for rape, 100 to 150 years for armed robbery, and 19 to 20 years for attempted murder. Walker's aggregate sentence, thus, was 219 to 320 years imprisonment.

Other than these basic facts, the record is rather confusing. To diminish this confusion, the parties have stipulated to the following: "On April 8, 1992, this case came before the Seventh Circuit Count of Appeals for oral argument on whether appellee is entitled to a resentencing under a favorable intervening statute, the 1973 Unified Code of Corrections. [Walker] contended, and the district court held, that he was entitled to such a resentencing by virtue of the fact that his certiorari petition was pending as of the effective date of the 1973 Code. This Court raised at oral argument the question of whether [Walker's] certiorari petition was taken on direct appeal, which would trigger the protection of the 1973 Code, or was taken from a denial of post-conviction relief.

"The parties hereby stipulate that [Walker's] certiorari petition pending as of the effective date of the 1973 Code was in fact a petition taken on direct appeal from the Illinois Supreme Court's denial of leave to appeal from the conviction. On November 17, 1971, the Illinois Appellate Court affirmed [Walker's] conviction. [*People v. Walker*, 2 Ill.App.3d 1026, 279 N.E.2d 23 (1st Dist.1971).] The Illinois Supreme Court denied leave to appeal under Case Nos. 44921 and 44933. [Respondent O'Leary] then filed a Petition from Certiorari from this direct appeal. [Walker's] post-conviction relief was initiated during the same period of time that [respondent's] direct appeal was pending and reached the Illinois Supreme Court under Case No. 43901 at the same time that [Walker's] direct appeal was pending in that court. The post-conviction relief was resolved by the Illinois Supreme Court prior to Febru-

_____
* The Honorable James Burns, Senior Judge of the United States District Court for the District of Oregon, is sitting by designation.

ary 20, 1973, when the United States Supreme Court denied appellee's certiorari petition. [Walker] never petitioned the United States Supreme Court for Certiorari from denial of post-conviction relief, but instead turned to the federal courts for relief." *See* Parties' Stipulated Clarification, filed April 27, 1992 at pp. 1–3.

After serving approximately twenty years of his sentence, Walker filed another petition in Cook County's Circuit Court—this time a petition for writ of mandamus alleging the improper deprivation of good time credits and urging the retroactive application of new sentencing provisions. Specifically, Walker argued that he was entitled to a sentence recalculation under the more favorable provisions of the 1973 Unified Corrections Code because the new Code became effective before his case was finally adjudicated. The Circuit Court denied the petition and the Appellate Court affirmed. For the third time, the Illinois Supreme Court denied leave to appeal.

On August 25, 1988, Walker filed *pro se* a petition for a writ of habeas corpus in the United States District Court under 28 U.S.C. § 2254. In his petition, Walker raised the same claims he presented in his mandamus petition. Both Walker and respondent-appellant Michael O'Leary filed motions for summary judgment. On December 18, 1989, the district court denied Walker's motion for summary judgment and granted O'Leary's motion in part. The court explicitly reserved ruling on Walker's sentence recalculation claim pending further development of the record to ascertain whether O'Leary intentionally did not apply the 1973 sentencing provisions. *United States ex rel. Clarence Walker v. O'Leary,* 727 F.Supp. 444, 450–52 (N.D.Ill.1989).

After additional briefing, the district court found that O'Leary's failure to recalculate Walker's sentence under the 1973 provisions constituted a violation of due process. The court vacated Walker's sentence, granted his petition for a writ of habeas corpus, and ordered that Walker be resentenced in accordance with the 1973 Unified Code of Corrections. *United States ex rel. Clarence Walker v. Michael*

*O'Leary,* 756 F.Supp. 1055 (N.D.Ill.1990), Respondent's Appendix at A32–A33. O'Leary appealed the district court's decision.

At the outset, we note that, under the terms of the legislation, the retroactive application of the 1973 provisions requires that Walker's case still pending on January 1, 1973, the new statute's effective date, and that application of the new provisions result in a sentence "less than under the prior law upon which the prosecution was commenced." *See* Ill.Rev. ch. 38, § 1008–2–4(a) (1973). As the parties' stipulation makes clear, there is no dispute that Walker fulfills the timing requirement. The 1973 sentencing provisions apply to the prosecution of violations occurring after January 1, 1973, unless

> the offense being prosecuted has not reached the sentencing stage of a final adjudication by January 1, 1973, then for purposes of sentencing the sentences under the Unified Code of Corrections apply if they are less than under the prior law upon which the prosecution was commenced.

Ill.Ann.Stat. ch. 38 ¶ 1008–2–4(a) (P.A. 77–2097, eff. Jan. 1, 1973). Because the United States Supreme Court did not deny his petition for certiorari, his last attempt at direct review of his conviction and sentence, until February 20, 1973, his case was not finally adjudicated on January 1, 1973. *See People v. Chupich,* 53 Ill.2d 572, 295 N.E.2d 1, 7 (1973). *See also Linkletter v. Walker,* 381 U.S. 618, 622 n. 5, 85 S.Ct. 1731, 1734 n. 5, 14 L.Ed.2d 601 (1965).

To determine whether Walker's sentence should have been recalculated, then, we must compare the sentencing provisions of the 1973 Code to the scheme under which Walker originally was sentenced to decide if the newer provisions provided for a shorter sentence. *See Walker,* 727 F.Supp. at 450–52. If it did, then § 1008–2–4(a) demands that Walker be resentenced to conform with the new provisions. In *People v. Williams,* 60 Ill.2d 1, 322 N.E.2d 819 (1975), the Supreme Court of Illinois discussed the logic of retroactively applying the 1973 Code:

[T]he legislative intent was to apply the sentencing provisions of the Unified Code to those cases pending on appeal, and that where, as here, sentencing provisions in effect at the time sentence was imposed and at the time the appeal is decided are less favorable to a defendant than provisions enacted after sentence was imposed, and then repealed before the appeal was decided, the defendant is entitled to the benefit of the more favorable intervening statute.

*Id.* 322 N.E.2d at 827–28.

At the time Walker originally was sentenced, a conviction for armed robbery resulted in a sentence of "any indeterminate term with a minimum of not less than two years." *See* Ill.Rev.Stat. ch. 38, § 18–2(b) (1967). A rape conviction called for a sentence "of any indeterminate term with a minimum of not less than four years." *See* Ill.Rev. ch. 38, § 11–1 (1967). Attempt murder required a sentence that could exceed 20 years. *See* Ill.Rev. ch. 38, § 8–4(c)(1).

Under the 1973 Unified Code of Corrections, armed robbery, rape, and attempt murder are all punishable as Class 1 felonies. *See* Ill.Rev.Stat. ch. 38, §§ 18–2(b), 11–1(c), 8–4(c)(1). Class 1 felonies carry a mandatory minimum of four years, no maximum minimum term (in setting the minimum term, "the court, having regard to the nature and circumstances of the offense and the history and character of the defendant," may set a term higher than the minimum of four years), and no maximum term. *See* Ill.Rev.Stat. ch. 38, ¶ 1005–8–1(b)(2), (c)(2). Another section of the 1973 Code governs the aggregation of consecutive sentences: "the aggregate maximum of consecutive sentences shall not exceed twice the maximum term authorized ... for the most serious felony involved. The aggregate minimum period of consecutive sentence shall not exceed twice the lowest minimum authorized ... for the most serious felony involved." *See* Ill.Rev.Stat. ch. 38, § 1005–8–4(c) (1973).

The respondent argues that, under the terms of the 1973 statute, Walker was not entitled to resentencing. The respondent maintains that, because the court under the 1973 provisions set a minimum term higher than four years, Walker "could be punished equally harshly under the new Code, and indeed, in the case of the armed robbery conviction, he would have received a longer minimum sentence under the Code: four years as opposed to the two-year minimum mandated by the pre–1973 statute." *See* Respondent's Brief at 11.

We are not persuaded. As ¶ 1005–8–1(b)(2) makes clear, the 1973 Unified Code of Corrections authorized an absolute lowest minimum term of four years for Class 1 felonies. That a court may impose a higher minimum for Class 1 felonies under ¶ 1005–8–1(c)(2) does not change the lowest authorized minimum of four years. At the same time, the aggregation provisions contained in ¶ 1005–8–4(c) prohibit the aggregate minimum from exceeding twice the *authorized* minimum—eight years in the instant case. *See People v. Sims,* 43 Ill. App.3d 910, 2 Ill.Dec. 588, 590, 357 N.E.2d 808, 810 (4th Dist.1976).

The Council Commentary accompanying ¶ 1005–8–4(c) makes clear the 1973 provisions were intended to encourage concurrent sentences:

Because subparagraph (c) limits the minimum sentence to twice the *lowest* authorized under 1005–8–1 for the most serious felony involved, the court may prefer to give a concurrent sentence in those situations where a higher minimum than the lowest authorized under section 1005–8–1 may be set by the court in a single case.

Council Commentary, Ill.Rev.Stat. ch. 38, ¶ 1005–8–4 (1973), *quoted in People v. Gill,* 29 Ill.App.3d 356, 330 N.E.2d 552, 553 (5th Dist.1975). *See also United States ex rel. Henderson v. Morris,* 670 F.2d 699, 701 (7th Cir.1982) ("The Illinois Supreme Court has repeatedly found that such a modification, from consecutive to concurrent sentences, is a proper way to resolve the dilemma created by the application of Section 5–8–4 to pre-Code consecutive sentences.") (citations omitted). Thus, recalculation of Walker's sentence to conform with the prescripts of the 1973 provisions would re-

duce the minimum term, and probably the maximum term as well. The maximum could change as a result of concurrent sentencing. Because the 1973 provisions yield a shorter term of imprisonment, Walker should be resentenced. *See Williams,* 322 N.E.2d at 828.

But, as the district court observed, before Walker is entitled to habeas corpus relief, the failure to resentence him must amount to constitutional error. There is no general requirement that a sentencing statute be applied retroactively to prisoners sentenced under prior law. *See United States ex rel. Scott v. Illinois Parole and Pardon Board,* 669 F.2d 1185, 1192 (7th Cir.), *cert. denied,* 459 U.S. 1048, 103 S.Ct. 468, 74 L.Ed.2d 617 (1982). If a legislature, however, provides for retroactive application, that practice may become protected. Citing our reasoning in *McKinney v. George,* 726 F.2d 1183, 1189 (7th Cir.1984) ("a state can if it wants confer extra liberties which the due process clause will then also protect"), the district court held that the respondent's failure to resentence Walker violated his right of due process under the Fourteenth Amendment.

The respondent argues that, as a member of the executive branch of Illinois government, it has no authority to alter a prisoner's sentence. Instead, the respondent maintains, it only can await a court order to adjust a prisoner's sentence to conform to new law. *See* Respondent's Brief at 15–16. We disagree. The district court held that the state's policy of withholding the benefits of a more favorable sentencing provision from prisoners who have not obtained court orders imposes an unnecessarily onerous burden on prisoners to whom new sentencing provisions apply. We realize, of course, that resentencing only can be accomplished by a court of law. But that fact of constitutional government does not imply that the state attorney general—who represents the respondent in this action—simply can sit and wait for judicial order. The attorney general has a duty not just to keep dangerous criminals locked up, but to see that prisoners' sentences be lawful. In *People v. Finnegan,* 378 Ill. 387, 38 N.E.2d 715 (1941), the Supreme Court of Illinois declared:

> The office of Attorney General, as it existed at the common law, is one of ancient origin. He was the only law officer of the Crown. The prerogatives which pertained to the Crown of England under the common law, in this country are vested in the people and the necessity for the existence of a public officer charged with the protection of public rights and the enforcement of public duties, by proper proceedings in the courts of justice, is just as imperative here as there.

*Id.* 38 N.E.2d at 717. *See also People v. Illinois Racing Board,* 54 Ill.2d 569, 301 N.E.2d 285, 288 (1973).

Given this broad obligation to protect public rights, we hold that due process requires the attorney general to take a less passive approach to the resentencing mandate of ¶ 1008-2-4. Because there are very few Walkers left in the Illinois prison system, we do not believe that requiring the state to initiate the resentencing process is unduly burdensome. Moreover, we imagine that resentencing—at least in the instant case in which the prisoner's crimes were particularly violent—will have no impact whatsoever upon the prisoner's actual release date. But because the 1973 provisions could mean changing his minimum term from 219 years to 8 years, Walker is entitled to whatever benefit the 1973 statute provides.

Accordingly, the judgment of the district court granting Walker's petition for habeas corpus for resentencing purposes only is

AFFIRMED.