Sylvia Chapman, Plaintiff-Appellant, v. Oliver J. Salvador, et al., Defendants. County Bank & Trust Co., as Trustee Under Trust No. 1127, Intervenor Below-Appellee.

Gen. No. 50,879.

First District, Fourth Division.

April 22, 1966.

Bernard Arkules, of Highland Park, for appellant.

McCoy, Ming & Black, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

A complaint for partition and other relief was filed in January, 1965. Thereafter a number of orders and decrees were entered, defaulting some defendants, determining the lien rights of an intervenor, decreeing partition of the premises (June 14), approving a commissioner's report, directing a sale (June 25), determining priorities in the proceeds, and, on July 22, approving a master's report of sale, etc. On July 26 County Bank & Trust Co., as trustee under a land trust (which had ap-

parently acquired the interest of a defaulted defendant), filed a verified petition on the basis of which the sale and decree of sale were vacated and set aside by an order entered on August 4. By the same order the bank was also permitted to intervene and to plead to the complaint and to the other intervening petition.

On plaintiff's appeal from this order it is claimed that the bank's petition was insufficient (for noncompliance with section 72 of the Practice Act as it relates to the decree of sale, which had been entered more than thirty days prior thereto, and on other grounds as to the more recent orders) and we are asked to reverse the order of August 4 and declare it to be void.

■ The bank is the only appellee, and it has now filed a verified petition in this court confessing error and admitting the merits of the appeal. As we pointed out in People v. Kelly, — Ill App2d —, — NE2d — (Gen No. 50,953), and People v. Allen, 71 Ill App2d 283, — NE2d —, agreement of the parties does not control the judicial function of this court. In the Kelly case we did not reverse the conviction even though urged to do so by both parties to the appeal. In the Allen case we did reverse, but only after becoming satisfied from examination of the record that such determination was the proper one.

■ We are now presented with a somewhat different situation in this: the bank as appellee has stated, in effect, that an emergency exists (sale for delinquent taxes) which requires the immediate reversal of the order appealed from or the results will be injurious to all parties concerned; that any delay whatsoever will produce undesirable results which could otherwise be prevented or cured through further proceedings in the trial court.

Under these circumstances we have decided to give effect to the stipulation of the parties, and the order of August 4, 1965, is hereby reversed. We wish to make it clear, however, that it is only the emergency situation which has prompted us to take this action without study

of the complicated multiple issues raised on this appeal. By our reversal we do not intend to establish any kind of precedent concerning those issues.

Reversed.

DRUCKER, P. J. and McCORMICK, J., concur.