THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* CLARENCE W. WALKER, Petitioner-Appellant.

(No. 57382;

First District—July 26, 1972.

Michael T. Hannafan, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Robert C. Samko, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from an order dismissing a petition for post-conviction relief without an evidentiary hearing. The defendant, Clarence W. Walker, was indicted and charged with the offenses of rape, armed robbery, and attempt murder. After a bench trial, he was found guilty on all three charges and sentenced to the penitentiary. He took an appeal to this Court in which he contended (1) that the State withheld evidence favorable to him, (2) that statements were elicited from him in violation of his Fifth Amendment rights, (3) that evidence obtained in an illegal search and seizure was used against him, (4) that he received ineffective assistance of counsel, and (5) that he was erroneously sentenced to serve three consecutive sentences. In an opinion filed on November 17, 1971, the conviction was affirmed. (*People v. Walker*, 2 Ill.App.3d 1026, 279 N.E.2d 23.) Petition for leave to appeal to the Supreme Court was denied.

During the pendency of the defendant's appeal from his conviction, he filed a lengthy *pro se* petition seeking post-conviction relief. The petition was denied without an evidentiary hearing. Notice of appeal was filed and new counsel was appointed. This appeal was originally taken to the Supreme Court, but was transferred here by order of that Court.

The defendant, on appeal, contends (1) that he received inadequate assistance of counsel in presenting his post-conviction petition, (2) that he was coerced into waiving trial by jury through reliance upon repre-

sentations of his court appointed counsel who informed him that the trial judge threatened to commit him to a mental institution if he did not waive trial by jury, and (3) that he did not understandingly, intelligently, and expressly waive trial by jury.

We consider first the adequacy of representation given the defendant in presenting his post-conviction petition. The State filed a written motion to dismiss the petition on the ground that the allegations in the petition failed to raise appropriate Constitutional questions. At the hearing on the motion, an Assistant Public Defender informed the Court that (1) he visited and consulted with the defendant at the penitentiary at Menard, Illinois, (2) that he read the *pro se* petition, and (3) that he reviewed the voluminous trial transcript and the brief and abstract filed on direct appeal from the conviction. After this examination he concluded that there was no support for the allegations in the petition. The cause was then transferred to Judge Holzer who had presided at the defendant's trial. At a hearing before Judge Holzer, an Assistant Public Defender, after reviewing the facts, stated "that there are no Constitutional issues that could be raised in a post-conviction proceeding and those that could have already been raised in the brief and argument for the appeal to the Appellate Court." He then moved to withdraw as attorney for the defendant under *Anders v. California*, 386 U.S. 738, because in his opinion the allegations of the petition were frivolous. The motion to withdraw was denied, and the State's motion to dismiss was granted.

Nearly two months prior to the hearing on the motion to dismiss the post-conviction petition, the Public Defender filed a brief in the original appeal which set forth grounds for reversal based on Constitutional deprivations. It is now argued, "Walker's counsel should have at least presented constitutional claims identical to those presented on direct appeal at the post-conviction proceeding by amendment or otherwise." It is well established that where a direct appeal from a conviction has been taken, a defendant cannot raise in a post-conviction petition those issues which were or could have been reviewed in the direct appeal (*People v. Derengowski*, 44 Ill.2d 476, 256 N.E.2d 455; *People v. Dale*, 406 Ill. 238, 92 N.E.2d 761), unless it is fundamentally unfair to prevent a consideration of the issue. (*People v. Ikerd*, 47 Ill.2d 211, 265 N.E.2d 120.) The scope of review permitted in a post-conviction proceeding is not expanded simply because the petition is filed before a reviewing court hands down an opinion. Once an issue is presented on direct appeal to a court of review, it cannot properly be considered at a post-conviction hearing even though at the time of the hearing the reviewing court has not passed upon the question.

■■ It is further argued that "The lack of amendments alone requires reversal of the petitioner's dismissal below as a matter of law." It is urged that the unamended petition is inartfully drafted, grammatically disastrous and incoherent. There is, however, no showing by present counsel and no indication in the record of the existence of facts which would warrant an amendment. As the Supreme Court pointed out in *People v. Stovall*, 47 Ill.2d 42 at 46, 264 N.E.2d 174 at 176, "Where there is not a showing that sufficient facts or evidence exist, inadequate representation certainly will not be found because of an attorney's failure to amend a petition or, when amended, failing to make the petitioner's allegations factually sufficient to require the granting of relief."

In conformity with Supreme Court Rule 651(c), (Ill. Rev. Stat. 1969, Ch. 110A, par. 651(c)), the Assistant Public Defender consulted with the defendant and read the transcript and documents filed on appeal. After this examination was completed, he determined that there were no Constitutional questions presented in addition to the ones raised on direct appeal, and he decided to stand on the original petition. Even though appointed counsel did not find merit and argue the points raised in the petition we cannot say that the defendant was given incompetent representation by appointed counsel where there was consultation with the defendant and a thorough examination of all possible questions.

In *People v. Hawkins*, 44 Ill.2d 296, 255 N.E.2d 456; *People v. Craig*, 40 Ill.2d 466, 240 N.E.2d 588; and *People v. Wilson*, 40 Ill.2d 378, 240 N.E.2d 583, cited by the defendant, appointed counsel failed to consult with the petitioner to ascertain his grievances before formulating a trial strategy, and counsel made no attempt to prepare and present the claims of the defendant. While it is true that appointed counsel in the present case did not amend the petition, the decision to stand on the unamended pleading was made only after consultation with the defendant and after an examination of the petition, the transcript, and the brief presented on direct appeal.

Paragraph 6 of the Petition alleges, "Petitioner was denied and deprived of trial by a Jury where he was forced to sign a jury waiver by threat of being committed to a mential hospital by the Court threw counsel who stated if Petitioner seek a jury it was the Judge intention to commit him as a Court case * * *." It is contended that this allegation of coercion in the inducement of the jury waiver raises a constitutional question which can only be resolved after an evidentiary hearing.

The record reveals that when the cause was called for trial, defense counsel announced that the matter would be heard as a bench trial. The following exchange then occurred:

"MR. LAMPKIN: [Defense counsel]: Do you understand that if you sign a jury waiver, you are waiving your right to a trial by jury and submitting yourself to trial by this Court?

THE DEFENDANT: Yes.

MR. LAMPKIN: Is that what you want to do?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Walker, by signing this document, you have waived a right to a jury. That means that you give up your right to a jury. You request to be tried by this Court, do you understand that, sir?

THE DEFENDANT: Yes, sir, yes, sir."

The prosecutor then sought to read into the record a report returned from the Behavior Clinic of Cook County from Dr. W. H. Haines concerning the defendant's competency to stand trial. While counsel and the Court were discussing the necessity of conducting a competency hearing the defendant stated:

"Well, I took a competency hearing and I have talked to Dr. Haines and this Court ordered it and the Judge read into the record he knew that I was able to get along with counsel and everything and I don't see why it is necessary so I don't think that is that important. I have already talked to the doctor by order of this Court."

A lengthy discussion ensued, and at the end of it the Court decided to conduct a competency hearing. A jury waiver was given to the defendant and the following colloquy occurred:

"THE COURT: Mr. Walker, the document that is now being handed to you is to the effect that once signed, you empower this Court to determine whether you are competent to stand trial. This jury waiver is only a waiver of a jury for purposes of conducting a competency hearing.

THE DEFENDANT: I am not too familiar. If there is any way for you to break it down a little smaller for me, I would appreciate it.

THE COURT: Mr. Lampkin?

MR. LAMPKIN: Mr. Walker, in the case of a competency hearing as in the case of a criminal trial or any other trial before a Court, you have a right to have a jury determine the facts of the case. That includes the right of a jury to determine as to the facts concerning your actions and your capabilities as such, that you are competent to understand the nature of the occurrence with which you are charged with and to cooperate with your counsel.

THE DEFENDANT: Oh, I understand it now. I understand it. [Jury waiver signed.]

THE COURT: Now, then I will explain it again to you. I will break it down real good before I finally accept this. I know you signed it but I want to make sure that you know what you did.

THE DEFENDANT: Yes."

After a hearing the defendant was found competent to stand trial.

■■■ The trial judge in ruling on a motion to dismiss a petition for post conviction relief must consider the allegations contained in the pleading in conjunction with the transcripts of prior proceedings. (*People v. Morris*, 43 Ill.2d 124, 251 N.E.2d 202; *People v. Slicker*, 42 Ill.2d 307, 247 N.E.2d 407.) In the instant case the answers given by the defendant in response to questions and the statements made by him belie the allegation that he waived trial by jury as a result of threats of commitment to a mental hospital. When asked whether he understood the significance of signing the jury waiver form he responded affirmatively. Since the transcript itself refutes the allegation of coercion, it was not necessary to conduct an evidentiary hearing on the question.

■■ It is finally contended that the defendant did not understandingly, intelligently, and expressly waive his right to jury trial. It is argued (1) that the defendant was never asked whether he desired to waive trial by jury, (2) that a full explanation of the jury trial was never given to him, (3) that he was never asked whether he read and understood the jury waiver form which he signed, and (4) that he never expressly waived trial by jury. The record clearly established that the defendant was adequately admonished by both his counsel and the Court as to his right to trial by jury and that he knowingly, voluntarily, and understandingly waived that right. (See: *People v. Sailor*, 43 Ill.2d 256, 253 N.E.2d 397; *People v. King*, 4 Ill.App.3d 1066.) Moreover, this contention is not properly before the Court on review of a dismissal of a petition for post-conviction relief since the contention could have been raised in the direct appeal. *People v. Doherty*, 36 Ill.2d 286, 222 N.E.2d 501.

The petition was properly dismissed and the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.