THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVE JONES, Defendant-Appellant.

Fourth District   No. 4—92—0652

Opinion filed February 25, 1993.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant Steve Jones pleaded guilty to the offense of unlawful restraint (Ill. Rev. Stat. 1991, ch. 38, par. 10—3(a)). He was sentenced to two years in the Department of Corrections, this sentence to run consecutively with a sentence already being served on a conviction for aggravated criminal sexual assault (Ill. Rev. Stat. 1991, ch. 38, par. 12—14(b)(1)). Although not mentioned at the sentencing hearing, the written sentencing order denied defendant any sentence credit for time previously served. Defendant filed a *pro se* motion to withdraw

his guilty plea, and this motion was denied. Defendant appeals, claiming the trial court erred in denying him 121 days of sentence credit for time spent incarcerated prior to his conviction in this case. We affirm.

On August 4, 1991, defendant was arrested and incarcerated on an unrelated case (Adams County case No. 91—CF—369). On January 9, 1992, while still in custody for the prior offense, defendant was indicted on the charges underlying the case at hand. Two months later, on March 6, 1992, defendant was sentenced on the prior unrelated offense and received 219 days of sentence credit for time previously served. This sentence credit reflects the time from his initial arrest on August 4, 1991, until his sentencing on March 6, 1992. Two months later, on May 8, 1992, defendant was sentenced on the case now before us. He was sentenced to two years' incarceration, to run consecutively to the sentence imposed on the unrelated offense, with no credit for time served. Defendant claims he is entitled to 121 days' credit, representing the time between his indictment on January 9, 1992, and his conviction on May 8, 1992.

Section 5—8—7(b) of the Unified Code of Corrections (Code) provides that a defendant is entitled to credit against his sentence "for time spent in custody *as a result of the offense for which the sentence was imposed.*" (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—7(b).) The question before us is whether defendant's time spent in custody was a result of the unlawful restraint indictment on January 9, 1992, or as a result of his prior arrest and conviction for aggravated criminal sexual assault. A third option would involve a determination that defendant was in "simultaneous custody" for the time served after his January 9, 1992, indictment. A review of case law on this subject reveals a surprising number of imaginative and highly complex solutions to this problem. The law in this area is quickly approaching a state where substantiation may be found for nearly any result.

Frustrated and confounded by a mind-numbing array of unique factual situations leading toward ever-differing results, we cannot help but yearn for simpler times. These halcyon days are represented in our decision in *People v. Krankel* (1985), 131 Ill. App. 3d 887, 476 N.E.2d 777, where we held that sentence credit was properly denied where time served awaiting sentence on the instant offense was applied to a prior, unrelated sentence.

Our court faced a similar question in *People v. Bradney* (1988), 170 Ill. App. 3d 839, 525 N.E.2d 112, where we found the facts in *Krankel* distinguishable because the defendant's sentence was ordered to run consecutively to the sentence handed down on the prior of-

fense. In contrast, defendant's sentence in *Bradney* was to run concurrently with the sentence he was already serving. Accordingly, we adopted a ruling of the Fifth District Appellate Court, which held that a defendant serving a sentence for a previous offense, who fails to post bond while awaiting trial or sentencing on a second charge, is entitled to credit on the sentence for the second offense for the period of incarceration between the date he or she was charged with the second offense and the date sentence was imposed for that offense. (*People v. Higgerson* (1987), 157 Ill. App. 3d 564, 510 N.E.2d 574.) Our rationale in adopting this rule was:

> "[E]ven if the defendant were not serving a sentence for the first offense, he or she would still be subject to detention as a result of his or her failure to post bond with respect to the second charge. Thus ***, the defendant is incarcerated as a result of *both* offenses prior to being sentenced for the second offense." (Emphasis added.) *Bradney*, 170 Ill. App. 3d at 870-71, 525 N.E.2d at 132.

Both *Bradney* and *Higgerson* rely heavily on the fact that the defendants failed to post bond with respect to their second offenses. The question naturally arises whether anything would have changed had the defendants posted bond on their second offenses. The glaring conclusion is that nothing would have changed—the defendants would have remained in custody on the prior offense. To conclude that defendant's failure to engage in a meaningless act entitles him to an acknowledgement of simultaneous custody requires a stretch of the imagination which we are not now willing to make.

■■ As stated earlier, section 5—8—7(b) of the Code provides that the offender shall be given credit "for time spent in custody as a result of the offense for which the sentence was imposed." (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—7(b).) A strict reading of the statute requires that credit be given only when defendant's incarceration is due solely to the offense for which the sentence was imposed. In his well-reasoned dissent in *Bradney*, Justice McCullough argued that *Krankel* should not be distinguished, sagely declaring that this is not a concurrent-consecutive problem. Positing theories involving "simultaneous custody," availability or failure to make bond, exceptions for sentences originating from different counties, or exceptions involving consecutive or concurrent sentences, and submerging these theories in a myriad of unique, factual details, serves only to cloud the interpretation of what should be a simple statutory requirement.

■ Our prior holding in *Krankel* achieves this clear-cut result. Sentence credit will not be given for those days spent serving a

prison term for a prior, unrelated offense. We find no other rule simpler in application, more uniform in result, or more true to the dictates of section 5—8—7(b) of the Code. Under the Code, a defendant serving a sentence from another State or district court of the United States *may* be granted credit for time served, but no similar legislative provision applies to the facts here. (Ill. Rev. Stat. 1991, ch. 38, pars. 1005—8—1(e), (f).) In the case before us, we find that the trial court's denial of sentence credit fully complied with statutory requirements.

■■ Finally, the State argued that our court was required to dismiss this appeal on jurisdictional grounds. The State maintains that under *People v. Wallace* (1991), 143 Ill. 2d 59, 570 N.E.2d 334, a motion to reconsider sentence is a prerequisite to an appeal dealing solely with sentencing issues. Defendant did not file a motion to reconsider, nor did his motion to withdraw the guilty plea mention sentencing issues.

Our court has held that section 5—8—7(b) of the Code creates a statutory right to credit for time served that is not waived by failure to call the error to the trial court's attention. (*People v. Donnelly* (1992), 226 Ill. App. 3d 771, 779, 589 N.E.2d 975, 980.) We note that Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) was amended effective August 1, 1992 (Official Reports Advance Sheet No. 8 (April 15, 1992), R. 604(d), eff. Aug. 1, 1992), and that amendment would prohibit an appeal solely for the purpose of challenging the sentence unless a motion to reconsider the sentence has been duly filed in the trial court. The appeal in this case preceded the effective date of the change. The issue is not now before this court as to whether Rule 604(d), as amended, would, absent a motion to reconsider sentence, prevent appellate review of the application of section 5—8—7(b) of the Code.

Affirmed.

McCULLOUGH and GREEN, JJ., concur.