THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VERN ALAN SMITH, Defendant-Appellant.

Second District   No. 2—91—0063

Opinion filed November 9, 1993.

G. Joseph Weller, Paul Rogers, and Ingrid L. Moller, all of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Schumacher, State's Attorney, of Oregon (William L. Browers, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

A jury in the circuit court of Ogle County found defendant, Vern Alan Smith, guilty of aggravated criminal sexual abuse (Ill. Rev. Stat. 1991, ch. 38, par. 12—16(d) (now 720 ILCS 5/12—16(d) (West 1992))). Defendant appeals, contending that the court erred in denying his motion for discharge for failure to receive a speedy trial (Ill. Rev. Stat. 1991, ch. 38, par. 103—5 (now 725 ILCS 5/103—5 (West 1992))) and that the court erred by ordering defendant to pay restitution to the victim's mother and her mother's business partner.

Defendant was arrested on April 4, 1990. On April 5, defendant filed a speedy trial demand. The State filed a motion for blood, hair, and saliva specimens and set it for hearing on May 14, 1990. On May 11, defendant filed a response to the motion, asserting that the State needed to allege more specific facts to establish the reasonableness of the motion. On May 30, the court denied the motion but allowed the State to file another. The court and the attorneys then discussed setting a trial date. The following colloquy occurred:

"MR. FISCHER [defense counsel]: Your Honor, I mean we're prepared to set the matter for trial in August on the August jury call.

MRS. MINNIS [prosecutor]: Well, we'll be asking for a motion hearing date to be in the next week or two and if Mr. Fischer is going to be gone in two weeks—

MR. FISCHER: The week of June 11 is the week I'm gone. I'm willing to participate anytime before then.

\* \* \*

THE COURT: Well, if it's on the Defendant's motion, you haven't got any problem.

MR. FISCHER: On Defendant's motion.

THE COURT: To set it in August.

\* \* \*

THE COURT: I can set it on the July jury call.

MR. FISCHER: I don't think we'll be ready, but I have no, [sic] we can be ready by August.

THE COURT: Are you going to make a motion.

MR. FISCHER: I'll make that motion.

THE COURT: Okay.

MR. FISCHER: To set it on the August jury call.

THE COURT: Okay. Defendant's motion to continue until August 6."

On June 8, a different judge granted the State's second motion for blood, hair and saliva samples.

The State then filed two motions for continuances because it could not get the necessary testing of the samples completed. On September 28, 1990, the court heard the State's third motion for a continuance. Defendant objected due to the State's failure to have the DNA testing completed. The court continued the cause to November 5 and granted the State leave to file a motion to extend the speedy trial time pursuant to section 103—5(c) (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(c) (now 725 ILCS 5/103—5(c) (West 1992))).

On October 9, the court heard the State's motion for extension of the speedy trial time in order to complete the DNA testing. The State argued that the motion was not strictly necessary at that time, since the 160-day period provided in the statute had not yet expired. Defendant argued, however, that the time had already expired and that the State should not be allowed to file an application for extension at that time. Defendant further contested the State's diligence in obtaining the DNA evidence. Defendant moved for discharge pursuant to the speedy trial statute.

The court determined that the 160 days had not expired. It therefore declined to entertain the State's motion for extension and denied defendant's motion for discharge.

On October 26, relying on section 103—5(c), the State requested a further continuance because its expert witness was going to be out of town on vacation. On November 2, the court granted the State's motion for an extension of the speedy trial period. Defendant renewed his motion for discharge, asserting that 167 days had passed. The court instructed defendant to file a written motion.

On December 4, the cause was called for trial before Judge Lenz. Prior to jury selection, defendant again renewed his motion for discharge. Judge Lenz denied the motion, stating that it would be inappropriate for the court to rule on a motion which had already been ruled on by another judge, apparently referring to the denial of defendant's original motion on October 9.

The cause proceeded to trial beginning on December 5. The jury found defendant guilty. The court sentenced him to five years' im-

prisonment and ordered him to pay restitution to the "victim named in the charge and to such other victims who suffered out-of-pocket expenses and loss proximately caused by [defendant's] criminal conduct." The court also denied defendant's post-trial motion in which he raised the speedy trial claim. Defendant then perfected this appeal.

Defendant contends on appeal that the trial court violated his right to a speedy trial and erred by ordering restitution to the victim's mother. Regarding his speedy trial claim, defendant notes that 211 days passed between the filing of his speedy trial demand and the granting of the State's motion for an extension on November 2. He contends that since only 35 days of the delay were attributable to him, he was entitled to be discharged. The State responds that a total of 84 days were chargeable to defendant and, therefore, the time had not expired when the court granted its motion for extension.

Section 103—5 provides that a defendant who is free on bond must be brought to trial within 160 days unless the delay is occasioned by the defendant. (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(b) (now 725 ILCS 5/103—5(b) (West 1992)).) This provision implements the right to a speedy trial guaranteed by the United States and Illinois Constitutions (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8) although the statutory and constitutional protections are not necessarily coextensive. (*People v. Bowman* (1990), 138 Ill. 2d 131, 136; *People v. Lendabarker* (1991), 215 Ill. App. 3d 540, 552.) On a motion to dismiss for violation of the statutory right to a speedy trial, defendant bears the burden of establishing a speedy-trial violation. The trial court's ruling on a motion to dismiss is entitled to much deference and will be sustained absent a clear showing that the court abused its discretion. *Bowman*, 138 Ill. 2d at 137; *Lendabarker*, 215 Ill. App. 3d at 552.

The issue here is how much of the pretrial delay was attributable to defendant. A delay is attributable to defendant where his act in fact causes or contributes to the delay. (*Bowman*, 138 Ill. 2d at 140; *Lendabarker*, 215 Ill. App. 3d at 553.) An express agreement on the record to a continuance is an affirmative act attributable to the defendant. *People v. Turner* (1989), 128 Ill. 2d 540, 553; *People v. Reimolds* (1982), 92 Ill. 2d 101, 106.

In the present case, defendant and the State dispute two distinct periods: the 16-day delay from May 14 to May 30 occasioned by defendant's objection to the State's motion for blood, hair, and saliva samples and the 68-day delay between May 30 and the first

scheduled trial date of August 6. We first discuss the 68-day delay because, if this delay is attributable to defendant he was tried within 160 days, even if the disputed 16-day period is charged to the State.

The 68-day delay involves the time between May 30, when the court denied the State's first motion for blood, hair, and saliva samples, and the first trial date, which was set for August 6. The court set the August 6 date at the conclusion of the May 30 hearing. An examination of the portions of the transcript shown above clearly reveals that defendant not only agreed, but affirmatively requested, that the trial date be set in August. During the colloquy between the attorneys and the court, defense counsel explicitly moved that the trial date be set on the August trial call. The court offered to set the case on the July call, but defense counsel replied that he could not be ready for trial by July. Thus defendant requested the continuance of the cause until August.

Defendant now contends, however, that only the 35 days between the July 2 jury call and the August 6 jury call should be chargeable to him. He argues that on May 30 the State demonstrated its intention to file another motion for the samples. According to defendant, the timing of this motion made it clear that the State would not have been ready to try the case until at least July, anyway.

Defendant's argument ignores the established rule that even express consent to or acquiescence in a continuance constitutes delay attributable to defendant. (*Turner*, 128 Ill. 2d at 553.) If there are two reasons for a delay, one attributable to the State and one to defendant, the fact that the delay was partially attributable to defendant will be sufficient to toll the statutory term. *People v. Oakley* (1982), 109 Ill. App. 3d 165, 169.

*People v. Turner* (128 Ill. 2d 540) presents a fact pattern similar to that of this case. In *Turner*, the parties attended a hearing on April 8. At that time, defendant and his attorney consented to a June 2 trial date. On May 29, however, defendant filed a motion for discharge under the Speedy Trial Act (Ill. Rev. Stat. 1985, ch. 38, par. 103—5). The court conceded that it would have been unable to hear the case earlier, but found that defendant agreed to the June 2 setting. The supreme court affirmed the trial court's ruling that defendant contributed to the delay. *Turner*, 128 Ill. 2d at 553.

In the instant case, defendant clearly consented to the August 6 trial setting. Although it may be true that the case could not have been tried between May 30 and July 2, defendant's agreement

to the date was a concurrent cause of the delay and was properly charged to defendant for purposes of computing the speedy trial term. Subtracting those 68 days from the 211 elapsed days between April 5 and November 2 means that defendant was brought to trial in 143 days, within the statutory period. Therefore, we need not consider the State's argument concerning the additional 16-day period. Defendant does not raise any issue concerning the granting of the State's motion for an extension of time on November 2. Thus, the court did not err in denying defendant's motion for discharge on the basis of the speedy trial statute.

■ Defendant next contends that because the victim's mother and her business partner do not fit the definition of "victim" for purposes of restitution, the trial court erred by ordering him to pay restitution to them. The State has confessed error as to this point. Although an agreement of the parties does not control the judicial function of this court (*Chapman v. Salvador* (1966), 71 Ill. App. 2d 345, 346), we agree with the parties and therefore vacate the relevant portion of the trial court's order.

Although any concerned parent is victimized when his or her child is victimized (nowhere more so than in a case of sexual abuse), the relevant statutory definitions of "victim" presently do not embrace injured parents. Article 12 of the Illinois Criminal Code defines "victim" as "a person alleging to have been subjected to an offense prohibited by [code sections addressing sexual abuse and sexual assault]." (Ill. Rev. Stat. 1991, ch. 38, par. 12—12(g) (now 720 ILCS 5/12—12(g) (West 1993)).) While the innocent parent of a sexually abused child may be said to have been subjected to the effects of the crime, to include the parent in this definition of victim would misprize the suffering which the child has survived.

For the foregoing reasons, the order of the circuit court is affirmed in part and vacated in part.

Affirmed in part; vacated in part.

DOYLE and COLWELL, JJ., concur.