THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLARENCE WALKER, Defendant-Appellant.

First District (6th Division)   No. 1—92—4404

Opinion filed March 22, 1996, *nunc pro tunc* December 29, 1995.

Michael J. Pelletier and Linda Eigner, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

JUSTICE EGAN delivered the opinion of the court:

In 1966, the police arrested the defendant, Clarence Walker, in connection with the robbery and assault of L.G. In 1968, after a bench trial, Judge Reginald Holzer found him guilty of rape, armed robbery and attempted murder. The judge sentenced him to consecutive terms of 100 to 150 years' imprisonment for the rape, 100 to 150 years' imprisonment for the armed robbery and 19 to 20 years' imprisonment for the attempted murder.

This court affirmed his convictions pursuant to his direct appeal and his post-conviction petition. *People v. Walker*, 2 Ill. App. 3d 1026, 279 N.E.2d 23 (1971) (direct appeal); *People v. Walker*, 6 Ill. App. 3d 909, 286 N.E.2d 812 (1972) (post-conviction). The Illinois Supreme Court denied his petitions for leave to appeal from these decisions (*People v. Walker*, 49 Ill. 2d 579 (1972)), and, in 1973, the United States Supreme Court denied *certiorari* (*Walker v. Illinois*, 410 U.S. 941, 35 L. Ed. 2d 608, 93 S. Ct. 1377 (1973)).

Several years later, our courts denied his writ of *mandamus* (see *Walker v. Lane*, 165 Ill. App. 3d 1165, 536 N.E.2d 1021 (1987), *appeal denied*, 121 Ill. 2d 587, 526 N.E.2d 840 (1988)), and the defendant filed a petition for a writ of *habeas corpus* in the United States District Court for the Northern District of Illinois. The district court held that the defendant was entitled to resentencing under the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*). The court reasoned that the defendant's case had been pending on appeal on January 1, 1973, when the Code became effective. The defendant was, therefore, entitled to be resentenced under the Code, pursuant to section 8—2—4 of the Code, which provided that "[i]f the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced" (Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4). *United States ex rel. Walker v. O'Leary*, 727 F. Supp. 444 (N.D. Ill. 1989). The United States Court of Appeals for the Seventh Circuit affirmed the district court on this issue and remanded

the case to the circuit court of Cook County for the defendant to be resentenced. *United States ex rel. Walker v. O'Leary*, 973 F.2d 521 (7th Cir. 1992).

Pursuant to the order of the seventh circuit, the defendant was resentenced on November 10, 1992. Following a hearing in which Judge John J. Moran heard evidence in aggravation and mitigation, the judge resentenced the defendant to concurrent indeterminate prison terms of 100 to 300 years for the rape conviction, 100 to 300 years for the armed robbery conviction and 100 to 300 years for the attempted murder conviction. In the appeal before us, the defendant challenges these sentences.

■ The defendant first argues that these sentences violated section 5—5—4 of the Code, which provides:

"Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing." Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—4.

The defendant contends that his 1992 sentences violated this provision because they are more severe than his 1968 sentences. Under his 1968 consecutive sentences, which were 100 to 150 years for rape, 100 to 150 years for armed robbery and 19 to 20 years for attempted murder, the defendant would have served a minimum of 219 years and a maximum of 320 years. Under his 1992 concurrent sentences, which are 100 to 300 years for each of the individual convictions, the defendant would serve a minimum of 100 years and a maximum of 300 years. Although, under the 1992 sentences, the *total* number of years the defendant must serve is less than under his 1968 sentences, the defendant argues that the 1992 sentences are more severe because the number of years he must serve for each *individual* conviction is greater than under his 1968 sentences. For this reason, the defendant contends that Judge Moran violated section 5—5—4 in imposing the 1992 sentences.

■ We believe that the supreme court's recent decision in *People v. Kilpatrick*, 167 Ill. 2d 439, 657 N.E.2d 1005 (1995), governs this issue. In *Kilpatrick*, the court held that a judge had improperly increased a defendant's sentence by imposing greater sentences for the defendant's individual convictions, notwithstanding the fact that the new sentences did not change the total number of years the defendant was required to serve.

The judge in *Kilpatrick* had originally sentenced the defendant to two consecutive sentences, one six-year term for his home invasion conviction and one nine-year term for his attempted murder conviction. Pursuant to the defendant's motion for reconsideration of his sentences under section 5—8—1(c) of the Code (730 ILCS 5/5—8—1(c) (West 1992)), the judge resentenced the defendant to a single 15-year term for both of his convictions. *Kilpatrick*, 167 Ill. 2d at 441.

Like section 5—5—4, section 5—8—1(c) prohibits a judge from imposing a greater sentence on resentencing:

"A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. However, the court may not increase a sentence once it is imposed." 730 ILCS 5/5—8—1(c) (West 1992).

The defendant in *Kilpatrick*, like the defendant in this case, argued that the judge could not increase the sentence for a particular conviction, even if the aggregate terms of years the defendant was required to serve remained the same. See *Kilpatrick*, 167 Ill. 2d at 442.

The *Kilpatrick* court decided that the trial judge had violated the express language of section 5—8—1(c) when he increased the defendant's sentences from six and nine years for each conviction, to 15 years for both convictions. The court explained: ".The circumstance that the total number of years' imprisonment remained the same, *i.e.*, 15 years, does not negate the fact that defendant's sentence was increased, from either six or nine years' incarceration to 15 years in prison." *Kilpatrick*, 167 Ill. 2d at 447.

We recognize that section 5—5—4 was not at issue in *Kilpatrick*, but we believe that decision nevertheless applies to sentences under that section. Section 5—5—4 and section 5—8—1(c) both prohibit increases in a defendant's sentence upon resentencing. In addition, in reaching its decision, the *Kilpatrick* court discussed section 5—5—4.

The State argued in *Kilpatrick* that the court should follow *People v. Todd*, 263 Ill. App. 3d 435, 636 N.E.2d 114 (1994), which was a case involving resentencing under section 5—5—4. In *Todd*, the trial judge had originally sentenced the defendant to consecutive four-year terms for each of his three criminal sexual assault convictions. The appellate court held that the sentences should not have been consecutive, and, on remand, the trial judge imposed concurrent sentences but increased the terms for each of the defendant's three convictions from 4 to 12 years.

The court that heard the defendant's appeal from these new sentences rejected the defendant's argument that the judge had violated section 5—5—4 because his sentences on remand were "more severe" than his original sentences. The court reasoned that the defendant's

sentences on remand were not more severe than his original sentences because he had received the same total number of years' imprisonment. *Todd*, 263 Ill. App. 3d at 438. In *Kilpatrick*, the supreme court stated that it disagreed with the *Todd* court's reasoning and held that a judge may not increase the sentences for a defendant's individual convictions on resentencing, even if the total number of years the defendant must serve remains unchanged.

The issue in *Todd* is identical to the issue in the case before us. The *Kilpatrick* court's holding and express disagreement with *Todd*, therefore, require us to hold in this case that the increase in the defendant's sentences for his individual convictions was a violation of section 5—5—4, notwithstanding the fact that the total number of years he must serve did not increase.

■ We next address the defendant's argument that the imposition of a sentence for his attempted murder conviction was illegal because the defendant had already served the maximum number of years of his original sentence for that conviction.

As authority for this proposition, the defendant cites section 5—5—4, which prohibits the resentencing judge from imposing a sentence that is "more severe than the prior sentence *less the portion of the prior sentence previously satisfied.*" (Emphasis added.) 730 ILCS 5/5—8—4 (West 1992). In addition, the defendant cites section 5—8—4(e) of the Code, which provides:

> "In determining the manner in which consecutive sentences of imprisonment, one or more of which is for a felony, will be served, the Department of Corrections shall treat the offender as though he had been committed for a single term with the following incidents:
>
> > (1) the maximum period of an indeterminate term of imprisonment shall consist of the aggregate of the imposed indeterminate terms ***;
> > ***
> > (3) the minimum period of imprisonment shall be one year or the aggregate of the minimum period of imprisonment imposed by the court, whichever is greater ***; and
> > (4) the offender shall be awarded credit against the aggregate maximum term and the aggregate minimum term of imprisonment for all time served in an institution since the commission of the offense or offenses and as a consequence thereof." Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4.

We cannot accept the defendant's argument that it was illegal for him to be sentenced on the attempted murder conviction because he had served the maximum number of years of his original sentence for this conviction. First, the record is insufficient to support his alle-

gation of error. (*People v. Edwards*, 74 Ill. 2d 1, 383 N.E.2d 944 (1978).) Neither the briefs nor the record in this case contains the mittimus from either the 1968 sentencing or the 1992 sentencing. In addition, although the defendant asserts that, in 1992, he had served 26 years in prison, we cannot discern from the record the date on which the defendant began serving time in prison for his convictions in this case. Further, the defendant does not dispute the State's assertion that Judge Holzer ordered the defendant to serve his rape sentence first, his armed robbery sentence second and his attempted murder sentence last.

In addition, the defendant offers us no case or statutory authority to support his argument that the time he has served in prison should reduce his attempted murder sentence only, thereby eliminating that sentence. Moreover, the statute he cites, section 5—8—4, undermines rather than supports his argument that he has completed his sentence for attempted murder. Section 5—8—4 indicates that a defendant's consecutive sentences are to be considered together, rather than individually, for purposes of crediting time served. This leads to the conclusion that any credit he would receive for time served would be applied to the aggregate of his sentences and not just to his attempted murder sentence.

Given our decision that the judge improperly increased the sentences for the defendant's individual sentences and our conclusion that it was not illegal for the defendant to be resentenced on the attempted murder conviction, we modify the judgment of the circuit court to impose concurrent sentences of 100 to 150 years' imprisonment for the defendant's rape conviction, 100 to 150 years' imprisonment for his armed robbery conviction and 19 to 20 years' imprisonment for his attempted murder conviction. See 134 Ill. 2d R. 615(b)(4). To further comply with the requirement of section 5—5—4 that a defendant's sentences may not be "more severe than the prior sentence less the portion of the prior sentence previously satisfied," we order that the defendant receive credit toward these sentences for time served.

The defendant argues, however, that we must further reduce his sentences because Judge Moran abused his discretion in determining the length of his sentences and because, if we do not impose sentences that are less than his original sentences, his sentences will be excessive. The defendant claims that the sentences Judge Moran imposed were an abuse of discretion, not only because they violated section 5—5—4, but also because the judge abused his discretion by "perfunctorily select[ing] terms that approximated the aggregate maximum term imposed at the original sentencing." Although we

believe that, under section 5—5—4, the judge erred in increasing defendant's sentences for his individual convictions, we do not believe that the sentences the judge imposed were otherwise an abuse of discretion or excessive.

■ A trial judge is in the best position to determine a sentence appropriate to the needs of a case by balancing the appropriate factors, and a reviewing court will not overturn a judge's sentencing decision absent an abuse of discretion. *People v. Steppan*, 105 Ill. 2d 310, 473 N.E.2d 1300 (1985). The record indicates that the judge considered evidence in aggravation and mitigation. At the sentencing hearing, the police officer who arrested the defendant testified that the defendant had kidnapped the victim, choked her, slashed her throat, raped her, robbed her, and left her for dead in some woods, from which it took the victim three days to crawl to help. The State also informed the judge that, prior to the defendant's conviction in this case, he had been convicted of robbery, automobile trespass, grand larceny and unlawful use of a weapon.

The defendant testified that he was not guilty of the offenses for which he was convicted and stated that he was 64 years old and had numerous health problems. He also admitted that he had been the subject of discipline while serving his sentences for the convictions in this case.

After listening to this testimony, the judge stated that he had "carefully considered the matters presented both, in aggravation and in mitigation, the arguments of counsel, and the statements of the defendant." He also stated that he had considered the nature and circumstances of the offense and the defendant's character and background. Based on all of these matters, he believed concurrent terms of 100 to 300 years for each of the defendant's convictions was a fair and appropriate sentence.

This evidence in the record demonstrates that the judge did not "perfunctorily" impose a sentence that approximated the defendant's original sentence but appropriately based his sentencing decision on aggravating and mitigating evidence presented to him.

We also reject the defendant's argument that, unless we reduce his sentences to terms less than he received in 1968, his sentences will be excessive because, under current law, he would serve only 60-year terms for his armed robbery and rape convictions.

■ We do not believe that, aside from the violation of section 5—5—4, the terms the judge imposed on resentencing were excessive. A sentence is presumed proper when it is within the applicable statutory limits. *People v. Harper*, 264 Ill. App. 3d 318, 636 N.E.2d 977 (1994). Judge Moran's sentences were well within the limits of the

1973 Unified Code of Corrections. Under the Code, for each of the defendant's convictions the judge could have imposed any term with a minimum of four years or greater, if warranted by the nature and circumstances of the offense and the history and character of the defendant, and a maximum of any term greater than four years (Ill. Rev. Stat. 1973, ch. 38, pars. 1005—8—1(b), (c)). As the record indicates, the judge did find a greater minimum term warranted by these factors.

We have reduced the defendant's sentences under section 5—5—4, but we will not reduce them further because, given the nature of the crime, the defendant's lack of remorse, his criminal background, and his behavior in prison, lesser sentences are not warranted.

Judgment affirmed in part and reversed in part.

McNAMARA and RAKOWSKI, JJ., concur.