THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. QUENTIN PLAIR, Defendant-Appellant.

Fifth District    No. 5—95—0558

Opinion filed October 9, 1997.

Daniel M. Kirwan and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and J. Stephen Bennett, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Quentin Plair, was found guilty after a jury trial of unlawful restraint and was sentenced by the circuit court of St. Clair County to six years' imprisonment to be served consecutively to his sentence in an unrelated robbery case. Defendant appeals, contending he was denied the effective assistance of counsel by defense counsel's failure to move for the dismissal of the charges against defendant for want of a speedy trial. Defendant also contends he is entitled to credit against his sentence for time spent in custody between his arrest and sentencing. We affirm.

■ In order to establish the ineffective assistance of counsel, a defendant must show both that counsel's representation fell below an objective standard of reasonableness and that a reasonable probability exists that, but for the error, the result of the trial would

have been different. See *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); *People v. Moore*, 263 Ill. App. 3d 1, 9, 635 N.E.2d 507, 513 (1994). An attorney's failure to seek a discharge on speedy trial grounds generally will be deemed ineffective assistance of counsel provided there is a reasonable probability the defendant would have been discharged had a timely motion for discharge been made and no justification has been proffered for the attorney's failure to bring such a motion. *People v. Staten*, 159 Ill. 2d 419, 431, 639 N.E.2d 550, 556-57 (1994). In this instance, defense counsel was not ineffective for failing to move for the dismissal of the charges against defendant for want of a speedy trial because the charges would not have been dismissed had a timely motion for discharge been made. Defendant's trial began within the 120-day period required by subsection (a) of the speedy trial statute (725 ILCS 5/103—5(a) (West 1992)), discounting delays attributable to defendant.

■ Subsection (a) of the speedy trial statute states in part:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***." 725 ILCS 5/103—5(a) (West 1992).

The 120-day period begins to run automatically when a defendant is taken into custody (*People v. Sojak*, 273 Ill. App. 3d 579, 582, 652 N.E.2d 1061, 1064 (1995); *Moore*, 263 Ill. App. 3d at 3, 635 N.E.2d at 509), and a dismissal is mandatory when the 120-day period has been exceeded and any delay is not attributable to the defendant (*People v. Schmidt*, 233 Ill. App. 3d 512, 514, 599 N.E.2d 201, 204 (1992)). A delay is attributable to the defendant when his act in fact causes or contributes to the delay. *People v. Smith*, 251 Ill. App. 3d 839, 842, 623 N.E.2d 857, 860 (1993). Agreed continuances, made on the record, for example, constitute affirmative acts of delay attributable to the defendant and will suspend the speedy trial period. *Sojak*, 273 Ill. App. 3d at 582, 652 N.E.2d at 1064. Any type of motion filed by the defendant that eliminates the possibility that the case could immediately be set for trial also constitutes an affirmative act of delay attributable to the defendant. See *People v. McDonald*, 168 Ill. 2d 420, 440, 660 N.E.2d 832, 840 (1995). And if there are two reasons for a delay, one attributable to the State and the other to the defendant, the fact that the delay was partially attributable to the defendant will be sufficient to toll the statutory term. *Smith*, 251 Ill. App. 3d at 843, 623 N.E.2d at 860; *People v. Grant*, 104 Ill. App. 3d 183, 188, 432 N.E.2d 1129, 1132 (1982). Delay, however, cannot be attributed to the defendant when the record is silent. *Sojak*, 273 Ill. App. 3d at 582,

652 N.E.2d at 1064-65; *Grant*, 104 Ill. App. 3d at 188, 432 N.E.2d at 1132. Similarly, a defendant's failure to object to the State's request for delay, for example, cannot be considered an agreement or waiver of the right to a speedy trial by the defendant. *People v. Reimolds*, 92 Ill. 2d 101, 106, 440 N.E.2d 872, 875 (1982); *Sojak*, 273 Ill. App. 3d at 583, 652 N.E.2d at 1065.

■ Defendant here was arrested on August 8, 1993, for holding a patient in a hospital psychiatric ward against her will. The next day, the State filed a warrant for arrest and criminal complaints charging defendant with attempted aggravated criminal sexual assault and unlawful restraint. On that same day, defendant appeared before the court, pleaded not guilty, and had a public defender appointed as counsel. On August 27, 1993, defendant was indicted on the charges set forth in the complaint. On October 4, defense counsel moved for a substitution of judge. The motion was granted the same day. On November 2, defendant moved for a continuance of the trial to January 4, 1994, and on November 8, defense counsel filed a motion for a competency examination. Defendant was found fit to stand trial on October 26, 1994. On November 14, defense counsel filed motions to suppress identification and confession and to quash arrest and suppress evidence. Each motion was denied following a hearing on April 10, 1995. Defendant's trial started on May 2, 1995, 632 days from the date he was taken into custody. Most of the delay, however, was attributable to defendant. The 86 days from August 9, 1993, to November 2, 1993, when defense counsel's motion to continue was filed and granted were attributable to the State. All other delays thereafter were attributable to defendant. The delay between November 2, 1993, and October 26, 1994, resulted from defendant's filing a motion for the determination of his competency and numerous requests for continuances, all acts that tolled the statutory speedy trial term. See *Moore*, 263 Ill. App. 3d at 7-8, 635 N.E.2d at 511-12. The 19 days from October 27 to November 14 are also attributable to defendant. Defense counsel's agreement to a continuance, appearing on the record, constitutes an affirmative act of delay attributable to defendant and therefore suspends the speedy trial period. *Sojak*, 273 Ill. App. 3d at 582-83, 652 N.E.2d at 1064-65; *People v. Baker*, 273 Ill. App. 3d 327, 330, 652 N.E.2d 858, 861 (1995). The delay between November 14, 1994, and April 10, 1995, is also attributable to defendant. During this period, defendant filed motions to suppress evidence and to quash his arrest. He also requested and received several continuances for the hearing on his motions. Any delay resulting from a defendant's filing of a motion to suppress evidence, including the time associated with processing and hearing the motion, is

properly attributable to the defendant. See *McDonald*, 168 Ill. 2d at 440, 660 N.E.2d at 840. This leaves the remaining 22 days between the date defendant's motions were denied and the day his trial began. Generally, delays caused by crowded dockets rest with the State; however, defendant must share in the blame for the delay if he causes or concurs in the rescheduling. See *Schmidt*, 233 Ill. App. 3d at 516, 599 N.E.2d at 205. In this instance, defendant expressly concurred with the trial date set 22 days later. At the end of the hearing on defendant's motions on April 10, defense counsel was the one who first mentioned a May trial date. When a defendant expressly consents to a particular trial setting, the delay up to that date is attributable to the defendant. *Smith*, 251 Ill. App. 3d at 843-44, 623 N.E.2d at 860-61. Even if we were to add these last 22 days to the initial 86 days attributable to the State, the total would still only be 108 days chargeable to the State, a total well within the 120 days required by statute. No statutory speedy trial violation occurred, and when no lawful grounds exist for a discharge under the speedy trial statute, the failure of counsel to move for discharge does not constitute the ineffective assistance of counsel. See *Moore*, 263 Ill. App. 3d at 9-10, 635 N.E.2d at 514; *People v. Garcia*, 251 Ill. App. 3d 473, 479, 621 N.E.2d 1035, 1039 (1993).

■ Defendant also contends on appeal he is entitled to credit against his unlawful restraint sentence for the time spent in custody from his arrest to sentencing. Individuals sentenced to prison generally are entitled to one day of credit against their prison sentence for each day spent in custody as a result of the offense for which they are eventually sentenced to prison. *People v. Bradney*, 170 Ill. App. 3d 839, 870, 525 N.E.2d 112, 132 (1988). Section 5—8—7(b) of the Unified Code of Corrections (730 ILCS 5/5—8—7(b) (West 1992)) provides that a defendant is entitled to credit against his sentence "for time spent in custody as a result of the offense for which the sentence was imposed." Prior to our supreme court's opinion in *People v. Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305 (1996), credit was not given for those days spent serving a prison term for a prior, unrelated offense while awaiting in custody on a current offense. See *People v. Jones*, 241 Ill. App. 3d 262, 264-65, 608 N.E.2d 1331, 1332-33 (1993); *People v. Uran*, 196 Ill. App. 3d 293, 294-95, 553 N.E.2d 758, 760 (1990). The courts reasoned that, when dealing with consecutive sentences, the second or new sentence did not begin to run until the other had been completed, and to give a defendant credit as to both sentences would serve to reduce his sentence by twice the time of the defendant's prior incarceration. See *People v. Pluskis*, 162 Ill. App. 3d 449, 455, 515 N.E.2d 480, 484 (1987); see also *People v. Walker*, 278 Ill. App. 3d

916, 922, 663 N.E.2d 148, 152 (1995); *People v. Mata*, 243 Ill. App. 3d 365, 377, 611 N.E.2d 1235, 1244-45 (1993); *People v. McLemore*, 203 Ill. App. 3d 1052, 1058, 561 N.E.2d 465, 469 (1990). Most of these courts looked at the prior unrelated sentence and the new consecutive one as an aggregate and therefore only awarded credit once to the whole. See, *e.g., Walker*, 278 Ill. App. 3d at 922, 663 N.E.2d at 152. Here, defendant had pleaded guilty to an unrelated robbery and was sentenced on August 6, 1993, to five years' imprisonment for that offense. While on a temporary release to arrange his affairs before serving his sentence, defendant committed the instant offense. Because of motions filed by defendant, defendant was held in the St. Clair County jail until December 29, 1994, at which time he was transferred to the Department of Corrections to begin serving his five-year sentence for the unrelated robbery conviction. Defendant's subsequent sentence for unlawful restraint was to run consecutively to his robbery sentence. The trial court specifically denied him credit toward the unlawful restraint sentence for the time spent in custody since his arrest. Relying on *Robinson*, defendant contends he is entitled to credit against his unlawful restraint sentence also because he was in simultaneous custody for both the robbery offense and the unlawful restraint offense. *Robinson*, however, did not address the issue of consecutive sentences and, therefore, arguably is distinguishable. The second district in *People v. Johnson*, 286 Ill. App. 3d 597, 676 N.E.2d 1040 (1997), found nothing distinguishable and awarded the defendant separate credit against each of his consecutive sentences. Such a result does not further the purpose of the consecutive-sentencing statute (730 ILCS 5/5—8—4 (West 1992)), however, and essentially allows a defendant to receive credit for double the amount of time served and converts much of a consecutive sentence into a concurrent one. We therefore choose not to follow *Johnson* in its interpretation of *Robinson* and, accordingly, affirm the denial of credit in this instance.

For the aforementioned reasons, we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

GOLDENHERSH and WELCH, JJ., concur.